POWERS AND BOYD CORNICE AND ROOFING
COMPANY, Respondent, v. MATTHEW W. MUIR
et al., Defendants; TRUST COMPANY OF ST.
LOUIS COUNTY, Appellant.

St. Louis Court of Appeals, November 30, 1909.

1. **MECHANICS' LIENS: Sub Contractor: Sufficiency of Notice: Dates of Items.** An account filed by a sub contractor in a proceeding for the enforcement of a mechanic's lien, which includes extras furnished by him, is sufficient, although it shows only the dates the first and last items of labor and material were furnished and does not specify whether the last item arose out of the original contract or the extras.

2. ———: **Statutes: Liberally Construed.** The mechanics' lien statute should be liberally construed to effect its purpose.

3. ———: **Sub-Contractor: Sufficiency of Notice: Including More than One Acre.** Section 4207, Revised Statutes 1899, requires that a lien claim shall contain "a true description of the property, or so near as to identify the same." A sub contractor furnishing labor and material for a hotel, and whose lien was limited by section 4203, Revised Statutes 1899 to one acre, in describing the property gave the numbers of the lots, named the hotel, and located it thereon and as in a specified addition laid out in a known and designated survey in St. Louis county, and gave the block number of the subdivision, the lots as described containing one and thirty-five hundredths acres. The petition, as amended, prayed for the enforcement of the lien against one acre only of said lots, according to the description of a survey made by the county surveyor. *Held,* the lien claim filed was not void because it contained thirty-five hundredths of an acre in excess of one acre, as it was practicable for the court to ascertain, from the description furnished in the notice itself, the location on the lots of the acre on which the lien was entitled to be enforced.

4. **TRIAL PRACTICE: Evidence: Admission of Evidence in Trial by Court.** The same strictness as to the admission and exclusion of testimony is not applied in cases determined by the court as in cases tried before a jury, and it is to be presumed that even if some evidence is admitted that in a trial by jury would not be relevant or competent or the best evidence, its weight is determined by a judge learned in the law and in its application to the facts in evidence.

5. MECHANICS' LIENS: Pleading: Items Under Original Contract and Extras: Motion to Elect. In an action on a lien claim for work and labor done and materials furnished under one contract to erect a building, the addition of items, consisting of extras, outside of the original contract, did not split up the cause of action, and require its division into separate counts; and hence there was no error in overruling a motion to require plaintiff to elect on which of its causes it would proceed and dismiss as to the other.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney,* Judge.

AFFIRMED.

*T. K. Skinker* and *C. R. Skinker* for appellant.

(1) The mechanic's lien claim is void because it describes and demands a lien on more than one acre of land. It should not have been received in evidence. R. S. 1899, sec. 4203; Perkins v. Boyd (Colo.), 86 Pac. 1045; Poppert v. Wright, 52 Mo. App. 576; Engleman v. Graves, 47 Mo. 348; Williams v. Porter, 51 Mo. 441; Wright v. Beardsley, 69 Mo. 548; Ranson v. Sheehan, 78 Mo. 668; Mayes v. Murphy, 93 Mo. App. 37; Lumber Co. v. Harris, 107 Mo. App. 148; Holland v. McCarty, 24 Mo. App. 82; Seibel v. Siemon, 5 Mo. App. 305; Othenin v. Brown, 66 Mo. App. 318; McWilliams v. Allen, 45 Mo. 573; Planing Mill Co. v. Allison, 138 Mo. 50; Rall v. McCrary, 45 Mo. App. 365; Cowie v. Ahrenstedt, 1 Wash. 416; Iron Works v. Dorman, 78 Ala. 218; Bedsole v. Peters, 79 Ala. 133; Furnace Co. v. Witherow, 149 U. S. 574; Lemley v. LaGrange, etc., Co., 65 Mo. 545; Tuttle v. Howe, 14 Minn. 145. (2) The lien claim is fatally defective because no date is specified at which was furnished any one of the items of material or labor, and especially no date is specified for the items not furnished under the original contract. Hayden v. Wulfing, 19 Mo. App. 353; Bruns v. Braun, 35 Mo. 337; Livermore v. Wright, 30 Mo. 31; Kearney v. Wurdeman, 33

Mo. App. 447; Kern v. Pfaff, 44 Mo. App. 29; Curless v. Lewis, 46 Mo. App. 278.   (3)   The court erred in admitting (a) letter press copy of alleged letter of Powers & Boyd addressed to M. W. Muir, dated February 17, 1904, containing bid for sheet metal work on the building; (b) alleged letter of M. W. Muir addressed to Powers & Boyd dated February 19, 1904, called "Muir Acceptance;" (c) alleged letter of Lynch, superintending architect of the building dated February 18, 1904, addressed to M. W. Muir, called "Lynch letter." Greenleaf Ev. (16 Ed.), sec. 563, pp. 684, 688; Simpson v. Dall, 3 Wall. 475; Christy v. Cavanaugh, 45 Mo. 376; Harvey v. Herriman Co., 39 Mo. App. 220; Bank v. Richardson, 5 Pick, 436; Woods v. Gassett, 11 N. H. 442; Mariner v. Saunders, 10 Ill. 113; Johnson v. Arnwine, 42 N. J. L. 454; Anderson v. Maberry, 2 Heisk, 655; Cook v. Hunt, 24 Ill. 535; Chapin v. Taft, 18 Pick. 379; Parkins v. Cobbett, 11 E. C. L. 394; Brock v. Cottingham, 23 Kan. 383; Wiseman v. Railroad, 20 Ore. 425; Kearney v. New York, 92 N. Y. 62; Hubbard v. Gilpin, 57 Mo. 444; Strain v. Murphy, 49 Mo. 340; Blondeau v. Sheridan, 81 Mo. 556; Henry v. Diviney, 101 Mo. 384; Traber v. Hicks, 131 Mo. 189; Lewin v. Dille, 17 Mo. 69; Carr v. Carr, 36 Mo. 411; Brown v. Railroad, 69 Mo. App. 422; Holman v. Bacchus, 24 Mo. App. 636; Hendricks v. Whitecotton, 60 Mo. App. 671; Brick Co. v. Taggart, 76 Mo. App. 347; Brown v. Massey, 138 Mo. 519.   (4)   The court erred in overruling the motion of defendant requiring the plaintiff to elect upon which of his causes of action he would proceed and to dismiss as to the other causes of action.   R. S. 1899, sec. 4210; Planing Mill Co. v. Allison, 138 Mo. 57; Plate Glass Co. v. Peper, 96 Mo. App. 595; Hill v. Chowning, 93 Mo. App. 620; Grace v. Nesbitt, 109 Mo. 9; Press Brick Co. v. Brick & Quarry Co., 151 Mo. 505; Goldstein v. Leake, 138 Ala. 563; Killian v. Eigemann, 57 Ind. 480; Kern v. Pfaff, 44 Mo. App. 29; Philips Mechanics' Lien (3 Ed.), secs. 21, 417; Kees v. Kerney, 5 Md. 419; Brady

Cornice and Roofing Co. v. Trust Co.

v. Anderson, 24 Ill. 1110; Green v. Clifford, 94 Cal. 49; Eyerman v. Cemetery Assn., 61 Mo. 489; Berthold v. Electric Co., 165 Mo. 304; Keith v. Ridge, 146 Mo. 90; Yeats v. Ballentine, 56 Mo. 530; Jodd v. Duncan, 9 Mo. App. 417; Davis v. Brown, 67 Mo. 313; Buell v. Brown, 131 Cal. 158; Kearney v. Wurdeman, 33 Mo. App. 447; Iron Works v. Mining Co., 80 Mo. 265; Livermore v. Wright, 33 Mo. 31; Iron Works v. Paper Co., 30 Mont. 550; Lumber Co. v. Mosely, 56 Ark. 544; Holter v. Mining Co., 24 Mont. 184; Ex parte Bank, 7 Hill 177.

*Seneca N. & S. C. Taylor* and *James H. Zipf* for respondent.

(1) The lien is not void because the description in it covered more than one acre of land. Where the description is sufficient to identify the property sought to be charged, the lien is not void, though the description covers more land than the statute allows, since it is proper in such case for the petition and judgment to eliminate the excess and the judgment to charge only the legal area. R. S. 1899, sec. 4207; Lumber Co. v. Clark, 172 Mo. 588; Bradish v. James, 83 Mo. 313; De Witt v. Smith, 63 Mo. 263; Oster v. Rabeneau, 46 Mo. 595; Hammond v. Darlington, 109 Mo. App. 333; Othenin v. Brown, 66 Mo. App. 318; Cahill & Co. v. Orphan School, 63 Mo. App. 31; Miller v. Hoffman, 26 Mo. App. 199; Holland v. McCarty, 24 Mo. App. 82; Scott v. Goldinghorst, 123 Ind. 216; White v. Stanton, 111 Ind. 540; Crawfordsville v. Boots, 76 Ind. 32; Crawfordsville v. Barr, 65 Ind. 367; Caldwell v. Asbury, 29 Ind. 451; Dalton v. Hoffman, 8 Ind. App. 101; Bissel v. Lewis, 56 Iowa 231; Iron Works v. Strong, 33 Minn. 1; Smith v. Headley, 23 Minn. 384; Lumber Co. v. Russell, 22 Neb. 126; Hunter v. Truckee Lodge, 14 Neb. 30; Whitenack v. Noe, 11 N. J. Eq. 321; Scholes v. Hughes, 77 Tex. 482; Swope v. Stantzeberger, 59 Tex. 387; Brown v. Coke Co., 16 Wis. 555. (2) The lien is

not fatally defective because the account fails to give specific dates to each item, or as to any one item. Stating the exact dates within which all were furnished meets the laws demands. Mill Co. v. Allison, 138 Mo. 50; Ittner v. Hughes, 133 Mo. 691; McDermott v. Claus, 104 Mo. 23; Lumber Co. v. Stoddard Co., 113 Mo. App. 306; Lumber Co. v. Hays, 75 Mo. App. 516; Bambrick v. Presbyterian Church, 53 Mo. App. 226; Seaman v. Paddock, 51 Mo. App. 465; Hayden v. Wulfing, 19 Mo. App. 354. (3) The court committed no error in allowing to be read in evidence the letter press copy of the bid of Powers & Boyd Cornice & Roofing Co., dated February 17, 1904, addressed to M. W. Muir. Stephan v. Metzger, 95 Mo. App. 621; Liles v. Liles, 183 Mo. 326; Pierce v. Georger, 103 Mo. 543; Blondeau v. Sheridan, 81 Mo. 556; Parry v. Walser, 57 Mo. 172; Strain v. Murphy, 49 Mo. 340; State ex rel. v. Goodhue, 74 Mo. App. 165; Brown v. Railroad, 69 Mo. App. 422; Lumber Co. v. Lumber Co., 39 Mo. App. 220; McConey v. Wallace, 22 Mo. App. 377; Kleimann v. Gieselmann, 114 Mo. 442; Liles v. Liles, 183 Mo. 336. (4) The oral motion asking the court to require the plaintiff to elect upon which of its alleged causes of action it would stand, was untenable, because based upon an erroneous assumption of fact, and a misconception of the law, viz: (a) It wrongly assumed that the petition contains two causes of action, whereas it states but one, upon an open account and a quantum meruit, praying judgment against Muir for the amount he actually owed plaintiff, and, also, praying a lien against the building and the one acre of land upon which it was situated. (b) The motion was based on a misconception of law, in that it assumed that appellant could answer by general denial, go to trial upon such issue and after all the evidence was adduced, then by oral motion legally raise the objection that the sole count in the petition contained two causes of action which should have been stated in separate counts; and that it was error in the court to refuse to sustain such

motion and order the plaintiff to elect upon which cause of action it would stand and to dismiss the other cause of action.

STATEMENT.—Action to establish a mechanic's lien was brought by plaintiff, a subcontractor in the erection of the building, against Muir, the principal contractor, Epworth Hotel Construction and Real Estate Company, hereafter referred to as the hotel company, owner of the premises at the time the material was furnished and labor done, and the Trust Company of St. Louis County, hereafter referred to as the trust company, holder of a deed of trust on the property, and also grantee of Thomas K. Skinker, the latter having purchased the property at a sale by the assignee of the trust company. It appeared by the answer of Mr. Skinker, as well as by the averments of the petition, which were not denied, that on the 20th of February, 1905, the trust company, being assignee of the hotel company, offered the property for sale at public auction, subject to a deed of trust in which it was trustee, "and subject to all mechanics' liens against said property," and that at that sale the property was bought in by Mr. Skinker, "subject to the trust indebtedness and the mechanics' liens," but that in bidding in the property Mr. Skinker had acted for the trust company, and he appears to have conveyed all his interest in it to that company, so that while made a defendant originally, the case was dismissed as to him. Another party, a Mr. Wilke, was also originally made defendant as the holder of the notes secured by the deed of trust above mentioned, but Mr. Wilke died pending the action and it was dismissed as to him.

The mechanic's lien notice and claim was filed in the office of the circuit clerk of St. Louis county February 21, 1905. In this notice it is stated that the account filed by plaintiff with the view to avail itself of the benefit of the mechanics' lien statute, is for work

and labor done and materials furnished by plaintiff under a contract with M. W. Muir, original contractor, with, Epworth Hotel Construction and Real Estate Company, owner, "upon, to and for the buildings and improvements described as follows, to-wit: one three-story brick and frame hotel building, known as 'Hotel Epworth,' No. 6600 Washington avenue, St. Louis county, Missouri, and situate on the following described premises, to-wit: lots 1, 2, 3, 4, 5 and 6, of block 2, of a subdivision in United States Survey No. 378, township 45, range 6, situated in the county of St. Louis, State of Missouri, a plat of which subdivision is of record in the office of the recorder of deeds of St. Louis county, Missouri, in plat book No. 2, page 60. Said lots are contiguous to each other, having an aggregate front of three hundred feet on the south line of Rosedale Place by a depth south with that width of two hundred feet to an alley, said subdivision being known and designated as Rosedale Heights and being the same property described in a certain deed of trust recorded March 10, 1904, in book 148, page 334, of the records of the office of the recorder of St. Louis county, Missouri, said premises buildings and improvements belonging to and being owned by Epworth Hotel Construction and Real Estate Company, which said account, the same being hereby filed, in order that it may constitute a lien upon the buildings, improvements and premises above described, is as follows:" Then follows the account showing debits and credits. The account, dated December 28, 1904, against defendant Muir, in favor of plaintiff, sets out the items of debit without dates to them, totalling $2209.61, followed by cash credits, date of each payment being given and amounting to $809.61, leaving a balance due of $1400, which is the amount sued for with interest. This account is followed by this statement: "That the first item of labor and material of said account was furnished on the 23d day of February, 1904, and the last item thereof was furnished on the 20th day of De-

cember, 1904, on which last named day said account accrued and became due and payable and all of said items constituted one continuous account." The affidavit following the account is in the usual form, stating that the foregoing is a true description of the property, "upon, to and for which said materials were furnished, and said work and labor done and to which this lien is intended to apply, or so near as to identify the same." The affidavit further avers that at least ten days prior to the filing of the lien, plaintiff gave notice to the Hotel Company, as owner of the property, and to the Trust company, as assignee of the hotel company, of its claim, etc., and of its intention to file a lien therefor, and that the Hotel Company, at the date of the furnishing of the material and labor, was and still is, as affiant is informed and believes, the owner of the premises and of the buildings and improvements thereon, "which said premises, buildings and improvements are intended to be charged with this lien." There is no question over the fact of this notice having been given to the owners. The deed of trust under which the defendant Trust Company claims is dated March 7, 1904.

In the original petition filed in this case, the premises are described as above. The second amended petition, after averring that the hotel building was erected on all of lots 1 to 6 inclusive, and that it does not cover the whole of any one of the lots, and that said lots by actual measurement include a little more than one acre, "avers that said hotel building and all parts of it are erected upon the parts and parcels of lots, described as follows, to-wit: Beginning," etc. Here follows a description by courses and distances, concluding with the statement that the area described contains "a fraction less than one acre." This particular description was afterwards amended in this second amended petition, upon which petition the case went to trial, the description in the final amended petition, after giving the description of the lots as in the first petition, contin-

uing to and including the words "beginning," describes the property by courses and distances and by boundaries, and concludes with the statement that the area described contains "one acre." The prayer of the amended petition was for the enforcement of the lien "against so much of lots 1 to 6 as is included within these boundaries." At the trial it was in evidence that the survey and the description as last above given was made by the county surveyor of the county. Evidence was also given tending to show that the account filed was correct, there being much controversy, however, over items amounting to $117.65 which were included in the account but which, as claimed, were not specified or included in the original bid by the Trust Company. The defendant Trust Company, upon this appearing in evidence, and at the close of all the evidence in the case, moved that the plaintiff be required to elect whether or not it would stand on the item referred to, "or on the rest of the lien set forth in the petition." Plaintiff refusing to elect, the court overruled the defendant's motion and defendant excepted.

There was also much contention in the progress of the trial over the introduction of copies of correspondence and proof of acceptance of the bid of the plaintiff by Muir, the contractor, defendants contending that sufficient preliminary proof of loss of originals had not been introduced to warrant resort to secondary evidence by way of copies or by way of parol.

The case was tried before the court, a jury having been waived. No declarations of law were asked or given. The court, having taken the case under advisement, found the issues for the plaintiff and entered up judgment against defendant Muir for the debt, and establishing the claim as a lien on the buildings and premises as described in the second amended petition, as superior to the lien of the deed of trust or claim of the Trust Company. The Trust Company in due time

filed a motion for a new trial which was overruled and an appeal taken by it to this court.

REYNOLDS, P. J. (after stating the facts).— There are two questions in this case of importance, upon which its decision must turn. The first one is as to the sufficiency of the account filed in so far as setting out dates of the furnishing of the material and doing the work. As noted in the above statement, the only dates in the lien notice, which embraced the account, are February 23, 1904, as the date when the first item of labor and material was furnished, and the 20th day of December, 1904, as the date upon which the last item thereof was furnished. It will be remembered that the deed of trust was of date of March 7, 1904, so that it was given subsequent to the date when a right to the lien arose, and as the last item was furnished December 20th and the lien claim filed February 21, 1905, it was filed within the four months' limit prescribed for the sub contractor. It is argued by counsel for the defendant, The Trust Company of St. Louis County—and when we use the term "defendant," we refer to that company alone, as it is the only one of the defendants who appealed—that as the plaintiff was a subcontractor, he had but four months from the time of the last item was furnished or work done under the original contract and four months on any items outside of the original contract. Counsel then argue that counting back they find that October 21, 1904, is the crucial date and that unless the last item on both the original contract and on the account for extras was furnished within those dates, there is no lien for that furnished on the original contract before October 21, 1904, if the last item under that contract was of date prior to October 21st, and that while the lien paper contains an averment that the last item of the whole account was furnished December 20th, it does not specify whether that item arose out of the original contract or on one or more of the four

minor orders, hence counsel argue that the account is indefinite and uncertain and bad in this lack of specified dates.

In Ittner v. Hughes, 133 Mo. 679, the account under consideration and which is set out with the accompanying statement in the notice at page 684, is in the exact condition of the account before us, with the exception that the account in the Ittner case credits the cash in a lump sum without any dates whatever on which the payments were made, and the only dates in the lien notice are in the account found in the statement following the account, that "all of which work was done, and materials furnished between August 20, 1892, and March 1, 1893, the last thereof being done March 1, 1893." At page 691, the court, Judge BARCLAY delivering the opinion, held that the objection to the account for lack of dates to the various items was not tenable. "The statement shows that the labor and materials were furnished between given dates, and that is a sufficient dating for the purposes of the lien account. . . " A number of decisions are cited in support of this proposition. Later, in the case of Mitchell Planing Mill Co, v. Allison, 138 Mo. 50, Judge BARCLAY again speaking for the court, held that an account is sufficiently specific, when it shows that the items of material were supplied between named dates, and that where the date of filing the lien was given, it was fairly to be inferred, when the dates between which the items had been furnished had also been given, and these dates brought the filing of the lien notice within the statutory period, that that was sufficient. These decisions settled this proposition against the contention of the appellant.

The more important propositions involved in the case is as to the description of the lots, as contained in the lien notice and as set out in the petition upon which the case was tried. Section 4203 of our Statutes of 1899 gives a mechanic or materialman a lien upon the building, erection or improvements, "and upon the

land belonging to such owner or proprietor on which the same are situated, to the extent of one acre; or if such building, erection or improvement be upon any lot of land in any town, city or village, then such lien shall be upon such building, erection or improvements, and the lot or land upon which the same are situated, to secure the payment for such work or labor done, or materials . . . furnished as aforesaid." Section 4204 provides: "The entire land, to the extent aforesaid, upon which any such building, erection or other improvement is situated, including as well that part of said land which is not covered with such building, erection or other improvement as that part thereof which is covered with the same," shall be subject to the lien to the extent of the right of the owner of the building therein, for whose immediate use the labor was done or the materials furnished. Section 4207 provides, among other things, that every person, other than the original contractor or day laborer, seeking to obtain the benefit of the provisions of the article, shall, within four months after the indebtedness shall have accrued, "file with the clerk of the circuit court of the proper county a just and true account of the demand due him or them after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." That this hotel building is upon these six lots and that while the lots are regularly laid out and platted in a named addition and that this named addition is not within the boundaries of any incorporated city, town or village, but lies wholly within the county of St. Louis, is not disputed. It is also admitted, by failure to deny the allegation in the petition, that these six lots are the same lots described in the deed of trust under which the defendant claimed, and in the deed under which its assignee Skinker claimed when he purchased as the agent of this defendant at the assignee's sale,

and that they are so described in those deeds. It is further alleged in the petition and not denied, that at that sale Mr. Skinker, as agent for the defendant Trust Company, purchased "subject to the deed of trust and to mechanics' liens." It is also beyond controversy in the case, that the area included within the six lots is 60,000 square feet of ground. This is 16,800 square feet in excess of an acre or, approximately, one and one-third acres, or, according to counsel for appellant, the area of the six lots is "a little more that 1.35 acres." It is very forcibly argued by the learned counsel for defendant that "the mechanic's lien claim is void because it describes and demands a lien on more than one acre of land." We are unable to accede to this proposition, as applicable to the facts in this case. The mechanics' lien law, as all other statutes are supposed to be, was enacted by practical men for the use of plain, practical, everyday men. Our courts for many years past have repeated time and again that they are to be construed in a practical way and in a. liberal spirit, so as to give effect to the manifest intention of the lawmakers in enacting them. It is quite true, as said by these same learned counsel, that a number of refinements have been indulged in in several cases in the construction of these laws, that render it important that a party seeking the benefit of them should know the law and comply with its spirit. We cannot, however, entirely agree with the contention of these learned counsel, that the refinements which the court has cast upon the law are so nice that the ordinary man, mechanic or materialman, cannot bring himself within their provisions. All that is required from this class as well as of all our people is that they should follow the plain reading of the law and when that is done the particular niceties of pleading are not required. The object of any particular provision of the law is the very life of it, and the main objects in our mechanics' lien law are to secure the man who does the work or furnishes the material in the

payment of his just claim therefor, and to advise the owner and all others having an interest in the property or apt to have interests in it, of the existence of the claim and of its amount, when it commenced and accrued, and the particular property which it is claimed is subject thereto. This notice to the owners and others is to be given by a paper to be filed of record. We will call it the lien claim.

In the Mitchell Planing Mill case, before referred to, Judge BARCLAY has said that this lien claim is not in itself a pleading under our law. All that is necessary therein is a substantial compliance with the statutory requirements. "The law intended to extend its benefits to laborers and all sorts of mechanics and materialmen who come within its protecting language. Of such it would be unreasonable to expect such an accurate and careful statement of account as might be required of an attorney in bringing an action. . . . If the claim comes into court, it is then time enough to require all the particulars that may be necessary to maintain or defend the action." That decision was rendered in 1896, hardly far enough back to be called an older decision, and in a very recent one, which we have before cited, Sawyer & Austin Lumber Co. v. Clark, supra, decided in 1902, Judge GANTT approvingly refers to the fact that, "It has often been held that this statute should receive a liberal construction to effectuate its remedial purposes." No more recent decision, that we know of, has changed this rule. So that the very learned counsel for defendant are inaccurate in their statement that this rule of liberal construction, which they say was announced in the old cases, "if ever true in fact, that time has certainly gone by; it is certainly not true now." Our investigation satisfies us that the older decisions were more technical than the later ones, and that the trend has long been toward liberality of construction.

It has been determined in very many cases both in the Supreme Court and in the courts of appeal, that the object of giving the notice of the property to be charged with the lien, is to inform all those persons who are or may be interested therein of that claim, and all that is required by section 4207, as above quoted concerning the description of the property, is that it is to be "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." It is to be noted that these two requirements, one that there must be "a true description of the property," and the other requirement, "or (that the description shall be) so near as to identify the same," are used not conjunctively but disjunctively; that is, the property must be truly described, or it must be described so nearly true, as to do what?—to identify the same.

In the Ittner case, before referred to, Judge BAR-CLAY holds that the petition in the case is subject to amendment as in other cases; that the plaintiff may withdraw a part of his claim for the lien, if by so doing he does not vitiate the effect of the demand on which he desires the court to proceed. If he can modify his demand, why not his description of the property, so long as the amended description keeps within the bounds included by the original description?

The principal case relied upon by counsel for defendant in support of their contention against a validity of the lien claim in describing an excess of one acre, is Ranson v. Sheehan, 78 Mo. 668. It is to be said of this that it has practically lost its force as a controlling decision by the criticisms to which it was subjected, first in the opinion of Judge BOND, in Sawyer & Austin Lumber Co. v. Clark, 82 Mo. App. 225, and next in that that criticism is concurred in by the Supreme Court, when the Sawyer-Austin case was taken there on a certificate of division from this court. The Supreme Court, in 172 Mo. 588, after setting out the opinion of Judge BOND in full, in unmistakable terms approved it, and while not

expressly overruling, in our opinion distinguishing the Ranson-Sheehan case from the Sawyer-Austin case. So that the life of the Ranson-Sheehan case is practically destroyed, and what Judge BOND calls the "point in decision" is so limited as hardly likely to apply to any other case—certainly not to the case at bar.

We are referred to other cases in which our courts have refused to sustain descriptions in lien notices for lack of sufficient certainty in the description of the land, but an examination of these cases will show that the uncertainty of description was of such a character as to fail to locate the property on which the lien was desired, either truly or so near as to identify the same. In brief, there was nothing to aid a description or locate the acre. Thus, to say that an acre is claimed "out of forty acres of the northwest quarter of the southeast quarter" of a given section is no description whatever. That is the case of Williams v. Porter, 51 Mo. 441, the description being "a two-story frame dwelling house" "on the northwest quarter of the southeast quarter of section 11."

In Wright v. Beardsley, 69 Mo. 548, the description was a "house situated near the northeast corner of the northeast quarter of the southwest quarter," of a certain section, township and range in Audrain county.

In Ranson v. Sheehan, before referred to, the description was of fifteen and one-half acres of land, and the claimant asked for a lien to the extent of one acre, but did not describe the acre, or its location in the tract, so that irrespective of anything else that was said in the Ranson-Sheehan case and for which it was criticised in the Sawyer-Austin case, the facts on which the precise point in decision there rest bear no analogy to the facts in the case at bar.

On the other hand, in Oster v. Rabeneau, 46 Mo. 595, it is distinctly announced as a rule of decision, that where the description is sufficient for the purpose of general identification and sufficient to enable the court,

by commissioner or otherwise, to make it exact in every respect prior to judgment, the lien is not void but is enforceable. It is true that the Oster case concerns a tract of land in a city, and the acre law does not prevail as to cities, and it is true that the case has been severely criticised on this point by counsel in very many cases, but save as in the Ranson-Sheehan case, it has been generally accepted by the courts as a correct exposition of the law, even when this particular part of it has been referred to as *obiter*. But notwithstanding that, no approved case has ever overruled the Oster case on this proposition now before us, and the spirit of it permeates all of the subsequent decisions of our Supreme and appellate courts when considered in the proposition here involved. It is also to be noted that in the Oster case, it appears that the county surveyor measured off the acre and that proof was made in court of his survey and the court adopted the survey so made by the county surveyor. But in criticism of the Oster case, or limiting its effect, it has been said that the county surveyor measured the acre under the direction of the court, and that the court had ordered the survey to be made by him. From this it has been claimed that parties themselves cannot, either before or after suit brought, have another, even the county surveyor, go upon the land and make the survey, because the survey is not made under the order of the court, and because the party ordering it, after the completion of the work had no business upon the property. It strikes us, this is hypercritical and is also outside of the facts in the Oster case. It does not appear in that case that the county surveyor was ordered to make the survey by the court. The statement is that the county surveyor measured off the acre and on proof being made of that fact in court, the court adopted the survey and rendered judgment thereon. That is the precise situation in this case, and there is not a hint in the evidence here before us that the defendant or any one else objected to the county surveyor of St. Louis county

going upon these premises and measuring off the acre, or that his measurement was incorrect, or unofficial. His measurement was verified in court; he testified as to its correctness, both as to courses and distances and area, and the court adopted that. Herein the facts in this case are entirely different from the facts as stated by Mr. Commissioner (now Judge) PHILIPS, in the Ranson v. Sheehan case. Judge PHILIPS says in the Ranson case, that the indefiniteness of the description in the lien notice was sought to be remedied by the plaintiff in that case joining with another alleged lienor, "in going, after suit was instituted, on the land and by survey definitely ascertaining the acre on which the house stood, and then setting out this acre in his amended petition." Referring to the Oster case as a supposed authority for that, Judge PHILIPS says that in the Oster case a ministerial officer or agent "designated by the court" had made the survey. We find in the report of the Oster case no support for the statement that the surveyor who made the survey "had been designated to make it by the court or was the ministerial officer of the court." The statement of fact in the case by Judge CURRIER is that the survey in question in the Oster case was made by the county surveyor and we fail to find any suggestion in the statement of the case that he had been ordered to make the survey by the court. It appears, therefore, that in the Ranson case the survey made was a private survey, whereas in the case at bar, as in the Oster case, the survey was made by a public officer, the county surveyor. In a case before this court, Othenin v. Brown, 66 Mo. App. 318, Judge ROMBAUER expressly affirms the doctrine both of the Oster case and of the case of DeWitt v. Smith, 63 Mo. 263, in which latter case, the opinion written by Judge WAGNER, the principle announced in the Oster case is distinctly affirmed, namely, that a description is not void because the property described embraced more than one acre. In the DeWitt case, while the lots in the city upon which the

erection and improvements had been made were correctly designated, a wrong block number was given, but the Supreme Court held that all that was required of the description was to sufficiently identify the property and inform the defendant to what the lien was intended to apply. The Oster case was again specifically affirmed on this proposition in the case of Bradish v. James, 83 Mo. 313.

In Hammond v. Darlington, 109 Mo. App. 333, which was for property in the city of St. Louis, but the property not divided into lots, and in which it was claimed that the lien was void by reason of a misdescription of the property, this court, through Judge REYBURN, held: "It has already been determined in proceedings of this nature, but it is not indispensable, that the description should be complete or precise, but it is sufficient that the description adopted points out and indicates the premises so that the land can be found and identified."

Can it possibly be claimed that by this notice, or lien claim, even if it specified the whole of these lots, which as seem embrace about thirty-five hundreths in excess of one acre, anybody was misled? It gives the numbers of the lots and it gives, by name, the hotel constructed on it, "Hotel Epworth," and locates it on these lots, and as in Rosedale Addition, an addition laid out in a known and designated survey of St. Louis county, even the block number of the subdivision is given. Whether the plaintiff claimed more than the law gave him or whether he claimed in excess of what the lien law says he shall have, certainly cannot be held to have misled anybody or to have vitiated the lien. No matter how much he claimed, he could only secure a lien upon one acre and that the one acre upon which these buildings were situated. It is a curious anomaly in our law to note in this connection that inasmuch as this property is in the county and not in an incorporated city, town or village, if the buildings had happened to extend over

more than one acre, although comprising one building, built under one contract, according to the letter of the law, the mechanic or materialman or contractor could only have a lien on so much of the building as covered the one acre, and in this very case this is illustrated by the fact that a portion of the boiler house to the rear of the building and which extends over the lot line into the alley was not embraced in the lien which the court awarded because to have done so would have taken in more than one acre. But so is the law; but one acre can be included in the lien when the lien is established by the court. As before remarked, and we repeat it, that while it is the recognized law of this State that the lienor must stand or fall by the lien which he files, it is not the plain drift of judicial decision in this State, as argued by counsel for the defendant, that the tendency and drift of the judicial decisions of the State is to enforce the statute literally when to do so prevents its obvious intent. To the contrary, the later decisions, some of which we have cited, and the more numerous ones are to the effect that the statute is to be given a liberal construction, as we have before noted, in order to effectuate the plain purpose of the statute.

Nor can it be possible that this defendant, the Trust Company or any one else, was in any way injured, surprised or misled by the assertion of this claim, or by the fact that the lots described included a fraction over an acre. It is averred in the petition that when the defendant's agent, Mr. Skinker, bought in at the assignee's sale, that he bought subject to the deed of trust and to mechanics' liens. The deed of trust itself was made, executed and recorded after the work was commenced and the materials furnished for which this subcontractor plaintiff has made his claim. The whole world was bound to take notice of the date of commencement of construction of this work. The very deed of trust and the assignee's deed to Mr. Skinker, as appears by the admissions in the pleadings, describes these

lots in exactly the same manner as they are described in the lien claim. The lien claim states that it was based on the construction of the Hotel Epworth, and no matter what the lien notice said about the area included, the whole world was bound to take notice that a lien on county property could only include one acre, so that on no possible theory that we can arrive at is this a case of any one being misled or of any injury or hurt being done to this defendant or any of its rights interferred with. We can well apply to this case and to this class of cases the time-honored maxim, "*Id certum est quod certum reddi potest,*" in the ascertainment of the bounds of the acre. On this branch of the case, therefore, we see no reason to hold that the lien claim filed, inasmuch as it embraced thirty-five hundredths of an acre in excess of one acre, was thereby void, as it was entirely practicable for the court to ascertain and satisfy itself, from the description furnished in the notice itself, as it did here, of the location on the lots of the acre on which the lien was entitled to be enforced under the law, and having done so, the court awarded the lien on this one acre alone, discarding from consideration and from judgment the trifling excess.

There remains the proposition as to the sufficiency of the evidence of the loss of the papers evidencing the bid and acceptance thereof under which the subcontractor did the work and furnished the materials in suit. It is to be remembered that this was a case which was tried before the court without a jury, and the same strictness and particularly in testing the correctness of the action of the judge in the admission and exclusion of testimony is not applied in cases determined by the court as in cases tried before a jury. It is to be presumed that even if a court admits some evidence that in a trial before a jury would not be relevant or competent or the best evidence, that the weight of that testimony is determined by a judge learned in the law and in the application of the law to the facts in evidence.

Such is not the case when the trial is before a jury, which can only know of the competency, relevancy and materiality of evidence, by its admission by the court. When the court admits it, the jury is bound to take it as relevant and competent. When the court, without a jury admits it, it does not follow that he is bound by it as relevant or competent; that is to say, his subsequent judgment may show that he has not been led into error by it. We do not mean to say that a court, in disregard of all rules of evidence, can admit everything or exclude everything offered; but within reasonable bounds and where no obvious error is committed, a court, trying a case, a jury being waived, has much more latitude in the admission and exclusion of evidence than when a case is tried and is to be determined by a jury. We think the court committed no reversible error in the acceptance of the evidence on this point.

The proposition of defendant's counsel, that the court erred in overruling the motion of defendant to require plaintiff to elect upon which of its causes of action it would proceed, and dismiss as to the other causes of action is untenable. There are not two causes of action here presented. This action is on a claim of a lien for work and labor done and material furnished under one contract for the erection of the building, and the addition of items outside of the original contract, extras, in no manner split up the cause of action or required its division into separate counts.

We see no error of law in this case, either in the admission of evidence or in the conclusion arrived at by the trial court, to the manifest prejudice, harm and injury of the defendant. Our conclusion is that the finding and judgment of the trial court is for the right party, is correct on the facts and on the law, and it is affirmed. All concur.