BUILDERS BLOCK COMPANY et al., Joe Peterson Masonry Company et al., and John M. Miceli, Inc., a corporation, Respondents,

v.

WALKER DEVELOPMENT COMPANY, INC., a corporation, Appellant.

No. KCD 28505.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

Von Erdmannsdorff, Zimmerman, Gunn & Trimble, Kansas City, for appellant.

Terence M. O'Brien, Kansas City, for John M. Miceli, Inc.

Before PRITCHARD, P. J., and SWAFFORD, C. J., and DIXON, J.

PRITCHARD, Presiding Judge.

This suit for mechanic's lien arising out of a construction contract was tried to the court, which after consolidations and after extensive findings of fact and conclusions of law, rendered a net judgment for John M. Miceli, Inc., on its claim for $10,000.00 under Count I, of $7,834.81, after having set off $2,165.19, found due Walker Development Company on its first amended counterclaim; and for Miceli on Count II of its claim, $7,794.37. Mechanic's liens were granted on the real estate owned by Walker under Count I superior to, and under Count II, subordinate to, a lien of a deed of trust on the property.

Walker's sole contention here is that the court erred in awarding Miceli a mechanic's lien and judgment because Miceli failed substantially to complete its construction contract. As argued, the contention is that there was no substantial evidence to support three findings of the trial court as to: 1. Improper laying of foundation; 2. Grading and sodding; 3. Defective stone retaining wall.

As to improper laying of foundation, Walker testified that there was a boulder, which in digging the footing by a backhoe (which was about 2 feet wide) was dug over above it, and right on by it, and the cement went over the top of it, but he could see rock sticking out both sides. Walker's witness, T. Paul Dwyer, testified that the boulder, being foreign material not monolithic with the concrete wall, would prevent uniform settlement, and it would cause differential settlement and damage to the structure. He, however, testified that he had not seen the rock, and that he did not believe that the building would have settled if drain tile had been placed along the north side of the building. The architect, Cheesebrough, testified that installation of drain tile was not a part of the final contract. [This was a finding of fact made by the trial court.] Cheesebrough testified that he did not see any boulder, and before he could say whether it was good practice to leave it there, he would have to know whether it was a rock ledge or a boulder. There was no evidence of whether it was a rock ledge or a boulder, and if the latter, its size. Although the court overruled an objection to the testimony of Walker about the presence of the boulder, it concluded (No. 23) that appellant could not recover for any item of alleged damages other than those listed in its amendment to interrogatory answers, none of which, nor the counterclaim, set forth any damages occasioned by leaving a boulder in the foundation. "When the court without a jury admits [evidence], it does not follow that he is bound by it as relevant or competent; that is to say, his subsequent judgment may show that he has not been led into error by it." *Powers & Boyd Cornice & Roofing Co. v. Muir*, 146 Mo.App. 36, 123 S.W. 490, 496 (1909); *Brunke v. Salinger*, 8 S.W.2d 88, 92[10] (Mo.App.1928); *Pelligreen v. Century Furniture & Appliance Co.*, 524 S.W.2d 168, 170[1–7] (Mo.App.1975).

Presumably, in connection with the contention that there was an improper laying of foundation, Walker says that the court erred in not allowing damages for Miceli's failure to install a concrete flume on the north side of the building. The flume, it says, was for the purpose of providing adequate drainage to prevent satura-

tion of the earth. First, Walker's answer to interrogatories did not claim as a defect any failure to install a concrete flume. Further interrogatories requested specification and particularization of deficiencies, improper work or materials other than those in the first interrogatories, and Walker answered that there were none. Also, Walker produced no positive evidence that the concrete flume was not installed. Its witness, Dwyer, declined to testify that Miceli did not put in the flume, saying, "I'd have to go back and look. It wasn't at the time I was there." In this posture of the case, the trial court did not err in failing to award damages for the concrete flume.

■ Concerning the grading and sodding and the claimed defective stone retaining wall, Walker had filed a suit against the Kansas City Power & Light Company, claiming damages to the property occasioned by a falling pole. In that suit, Walker gave deposition testimony (after this action was filed) that the building was built in accordance with its architect's plans and specifications, and that the falling pole had to hit the wall; "it pried the wall out and blowed in the back of the building." In answer to interrogatories in the K.C.P. & L. case, Walker stated the nature of the damage to the property to be: "There was a retaining wall pushed down which in turn caved in the back of the retail sales building * * *. The fallen utility pole damaged the roof, walls, causing cracks in foundation, and cracked various portions of the sidewalk * * *." In the present case, Walker testified that as a result of the fallen pole, the retaining wall to the north of its property was bursted and destroyed and thereby rendered useless. Dwyer's report of the fallen pole was that the resulting leverage forces were sufficient to cause complete collapse of the retaining wall. In its petition against K.C.P. & L., Walker alleged that the fallen pole necessarily would cause grading behind the building, hauling away dirt, obtaining dirt, backfill and regrading the area of the retaining wall. These admissions against interest were for the court to consider, and constitute substantial evidence to support its

judgment. The evidence was conflicting as to the cost of regrading and sodding; Walker claimed $1,800.00; other evidence showed $100.00 for grading, and $225.00 for sodding. The court awarded Walker $325.00 for these items. The conflicts in evidence were for the trial court to resolve, and its award is supported by the evidence.

The record has been reviewed. In fact, it appears that this appeal is entirely without merit. It would be justifiable to award respondent damages for a frivolous appeal under Rule 84.19, had respondent followed the preferred procedure of requesting those damages, thus making them an issue on appeal and thrusting upon appellant the burden to show cause why damages for frivolous appeal should not be granted.

The judgment is not against the weight of the evidence; it does not erroneously declare or apply the law; and it must be sustained because there is no firm belief that it is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is affirmed.

All concur.