SPIELBERG MANUFACTURING
COMPANY, a corporation,
Plaintiff-Appellant,

v.

DIRECT SALES INTERNATIONAL,
INC., a corporation,
Defendant-Respondent.

No. 39326.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 16, 1978.

Cupples, Cooper & Haller, Inc., Bernard W. Gerdelman, Clayton, for plaintiff-appellant.

David J. Letvin, Lawrence Alan Waldman, East St. Louis, Ill., for defendant-respondent.

McMILLIAN, Judge.

This appeal arises from an action filed by Spielberg Manufacturing Company (Spielberg) against Direct Sales International, Inc., (Direct), based on breach of contract and quantum meruit, in which Direct filed a counterclaim for breach of contract. The case was tried without a jury, and the trial court entered judgment in favor of appellant Spielberg in the sum of $976.19, and in favor of respondent Direct on its counterclaim in the sum of $3,483.73.

On appeal, appellant challenges the evidence; therefore, a recitation of the pertinent facts is necessary. Spielberg is a Missouri corporation organized to manufacture, distribute and sell handbags and other goods to retail outlets. On January 13, 1975, appellant and respondent allegedly entered into a written agreement whereby appellant was to manufacture and distribute handbags, wallets and other merchandise in the amount of $10,000 to third parties who had placed orders with respondent. Direct was to have submitted a $2500 downpayment, with the balance due within thirty days. Subsequent to this date, appellant filled and shipped several orders. On January 13, February 12 and February 26, appellant billed Direct for salesmen's samples in the amount of $802.42. After thirty days, appellant notified respondent that it would no longer fill orders until payment was received. Although no payment was received thereafter, appellant did fill two subsequent orders, one to a Charles Gellis of Miami, Florida, and a second to the Helen Wolff Shop of Frontenac, Missouri. Both orders totalled approximately $173.77. Appellant claimed that these subsequent orders were filled due to a special request made by Direct.

Direct admitted the existence of an agreement, but denied Spielberg's version of the terms of the contract. Direct claimed that the contract called for Direct to obtain orders for the sale of Spielberg's "Handbags From Denise Perry," and forward these orders to Spielberg who would fill and ship them to the purchasers. According to Direct, there was neither a downpayment requirement nor a thirty day balance due requirement. The evidence showed that Direct had not paid for the orders filled by Spielberg through April. Direct claimed that the initial orders covering the salesmen's samples were not its responsibility and that the custom of the industry called for Spielberg to cover such costs. In addition, Direct claimed that at the time it received the billings for the Gellis and Helen Wolff Shop orders on April 1, the contract had already been breached by Spielberg's refusal to further perform and the funds received were used to offset already existing losses incurred due to its reliance on the agreement.

On appeal appellant raises two points. First, appellant argues the trial court erred in admitting respondent's exhibits A, B, C, D, E, F and G because such exhibits were hearsay and the admission was prejudicial to the appellant. The second point attacks the sufficiency of the evidence to support the judgment of the trial court.

The first point raised is without merit. Appellant claims prejudice in the introduction of respondent's exhibits A through G. Respondent's exhibits A through G were admitted to prove up expenses incurred due to the reliance on the agreement. Respondent's award was for lost profits on gross billings and did not include costs or expenses. Thus, there could not possibly have been any resulting prejudice to appellant. Even had the exhibits been introduced to prove up lost profits, a trial court, sitting without a jury, may properly allow wide latitude in the admission of evidence because the trial judge is presumed not to give weight to incompetent evidence. *Mashak v. Poelker,* 367 S.W.2d 625, 626 (Mo.1963); *Lee v. Rolla Speedway, Inc.,* 539 S.W.2d 627, 632 (Mo.App.1976) and *Powers and Boyd Cornice Roofing Company v. Muir,* 146 Mo.App. 36, 123 S.W. 490, 496 (1909). Therefore, no prejudice could have resulted here.

As to the second point raised, appellant fails. The judgment of a trial court will be sustained by the appellate court unless there is no substantial evidence to

support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976). On appeal from a court-tried case, where there is conflicting testimony given, and where there are no specific findings made, all fact issues are deemed to have been found in accordance with the results reached. Rule 73.01, subd. 1(b), V.A. M.R.; *e. g., Richardson v. Richardson,* 524 S.W.2d 149, 151 (Mo.App.1975).

Applying these principles of appellate review to the present situation, there appears no error. There were several fact issues raised at trial. First, there was an issue as to the terms of the agreement entered into on January 13. Secondly, there was an issue as to whether there was a material breach on the part of Direct when Direct failed to pay for the salesmen's samples. Thirdly, there was an issue as to whether a special arrangement had been made to fill the Gellis and Wolff orders. The trial court made no findings of fact or conclusions of law, and therefore, in accordance with Rule 73.01, subd. 1(b), all fact issues are deemed to have been made in accordance with the results reached. It can only be assumed here, under our scope of review, that the trial court accepted Direct's version of the terms of the contract, and found that there was no material breach on the part of Direct. It can further be assumed that because there was no material breach found, that Direct was allowed recovery for Spielberg's breach in refusing to further perform. In addition, because Direct did admit that an agreement existed, and that it did owe Spielberg on the orders filled through April 1, it can be assumed that the trial court granted Spielberg recovery based on quantum meruit, rather than breach of contract.[1] Hence, Direct did not benefit by its own breach of contract. Upon review of the record, we find all fact issues are sufficiently supported by the evidence to warrant the re-

sults reached. Thus, appellant fails as to this point.

The judgment of the trial court is affirmed.

CLEMENS, P. J., and SMITH, J., concur.

---

1. We note that the case presented herein is an example of the type of case in which an attorney should consider requesting specific findings of fact and conclusions of law from the trial court.