Albert **RIPKA** and Darrell Ripka,
**Plaintiffs-Appellants,**

v.

Lawrence **WANSING** and John **Wansing,**
**Defendants-Respondents.**

No. 10726.

Missouri Court of Appeals,
Southern District,
En Banc.

Oct. 26, 1979.

Albert Crump, Jr., Williams & Smallwood, Rolla, for plaintiffs-appellants.

Victor Tell Neff, Barry, Neff, Gallaher & Venters, Jefferson City, for defendants-respondents.

PREWITT, Judge.

Plaintiffs appeal from a judgment denying their petition for injunctive relief. They sought an injunction to prevent defendants from pumping water for irrigation from a stream known as Sugar Creek.

The plaintiffs and defendants each own two tracts of agricultural land along the creek. As relevant here, Sugar Creek flows northwesterly across land owned by plaintiffs, then across land owned by defendants, then across land owned by Ben Huhmann, then across defendants' second tract, and then across plaintiffs' second tract. Defendants used the water to irrigate corn and alfalfa upon their land adjoining the creek. When rain was insufficient, the defendants pumped water from the creek for a period of one to three hours two times a day. Their irrigating equipment was calculated to pump 280 gallons per minute. For at least a part of the time since defendants started irrigating, plaintiffs had cattle on their land.

Plaintiffs' pleadings contend that defendants' use has, or will, cause the stream of water along the creek to be greatly reduced in volume and has, or will, cause the creek to become dry, resulting in injury to plaintiffs in the operation of their cattle business. They contend that the pumping created at least a one-third or ten inch drop in the water level along their land. There was evidence from defendants and their witnesses that the pumping had no noticeable effect upon the flow of water across plaintiffs' land.

At the trial, the plaintiffs did not offer evidence that their cattle business had been damaged. Their first point contends that the trial court erred in admitting evidence that plaintiffs' cattle operation was not in-

jured by defendants' use. Plaintiffs sought to prevent defendants' counsel from inquiring, on cross-examination of plaintiffs, about losses and damage regarding plaintiffs' cattle. Plaintiffs claim that the evidence was improper as it only shows lack of specific injury. The appropriate standard, they contended, was for the court to determine if defendants unreasonably interfered with the plaintiffs' riparian rights by substantially reducing the flow of Sugar Creek. Plaintiffs' second point is that the court erred in admitting testimony, brought out in cross-examination of Plaintiff Albert Ripka, regarding statements which were allegedly part of an offer of settlement. Plaintiffs' third point is that the trial court erred in denying the injunction as "the decision was against the weight of the evidence and an erroneous application of the law".

It has generally been considered that the common law developed two theories of the water rights of one owning property along a natural surface water course; the "natural flow" theory and the "reasonable use" theory. See ch. 41, Restatement of Torts, Second (1977) pp. 210–211; Burrell and Stubbs, "The Rights of a Riparian Landowner in Missouri", 19 Mo.L.R. 138 (1954). Some contend there is only the reasonable use theory. See Lauer, "Reflections on Riparianism", 35 Mo.L.R. 1 at 3 (1970). Plaintiffs' contentions and argument under Points I and III appear to be based upon the natural flow theory. Under this theory, each proprietor of a water course is entitled to have the body of water flow naturally, qualified only by limited uses of those above him. This theory would prohibit certain uses although harm is not shown to others. Under the natural use theory, it has been indicated that stream water cannot be used for irrigation. Burrell and Stubbs, supra, 19 Mo.L.R. at 146.

■ The "reasonable use" theory allows each riparian proprietor to make a reasonable use of the water for any purpose, providing that the use does not cause harm or damage to the reasonable uses of others. Missouri appears to have adopted the reasonable use theory. See *Bollinger v. Henry,* 375 S.W.2d 161 (Mo.1964) and *Higday v. Nickolaus,* 469 S.W.2d 859 (Mo.App.1971). However, neither of these cases involved a natural stream of surface water. *Bollinger* involved an artificial water course and *Higday* underground water. It has been questioned whether Missouri courts have adopted any riparian theory. See Lauer, supra, 35 Mo.L.R. at pp. 4, 5, n.9. If Missouri has not adopted the reasonable use theory, we believe it should. It appears to be more flexible and promotes the most beneficial use of water resources. The reasonable use theory is adopted by the Restatement. Restatement of Torts, Second, §§ 850–850A (1977). The elements to determine reasonable uses are set forth in § 850A of the Restatement of Torts, Second. It says:

"Reasonableness of the Use of Water

The determination of the reasonableness of a use of water depends upon a consideration of the interests of the riparian proprietor making the use, of any riparian proprietor harmed by it and of society as a whole. Factors that affect the determination include the following:

(a) The purpose of the use,

(b) the suitability of the use to the watercourse or lake,

(c) the economic value of the use,

(d) the social value of the use,

(e) the extent and amount of the harm it causes,

(f) the practicality of avoiding the harm by adjusting the use or method of use of one proprietor or the other,

(g) the practicality of adjusting the quantity of water used by each proprietor,

(h) the protection of existing values of water uses, land, investments and enterprises, and

(i) the justice of requiring the user causing harm to bear the loss."

■ It is with these guidelines in mind that we consider the questions presented. Plaintiffs' first point claims that the trial court should not have allowed evidence that plaintiffs had no specific loss or damage to their cattle business. Plaintiffs contend that the appropriate standard is whether

defendants interfered with the riparian rights of plaintiffs by substantially reducing the flow of Sugar Creek. As earlier noted, this argument seems to be based upon the principles of the natural flow theory. We do not believe this argument has merit when we consider it in view of the reasonable use theory. Under the reasonable use theory, the court should consider "the needs of other riparian proprietors". *Bollinger v. Henry,* supra, 375 S.W.2d at 166. The court should also consider the extent and amount of harm the defendants' use causes. Restatement of Torts, Second, § 850A(e), p. 220 (1977). Point I is ruled against plaintiffs.

Plaintiffs' second point contends the trial court erred in admitting evidence as to statements made by one of the plaintiffs because they were made as a part of an offer of settlement. The following took place during plaintiff Albert Ripka's testimony:

"MR. NEFF: Yes, Your Honor, on or about August 18th, 1976, did you have a telephone conversation with Mr. Wansing?

THE WITNESS: Yeah. Yeah, I know what you mean now.

Q (by Mr. Neff) Now, during that conversation did you not tell the Wansings that they could dig as many holes and pump as much water as they wanted?

A Yeah, I was wanting to get it over with.

MR. CRUMP: I object, Your Honor. I believe that was a statement made by Mr. Ripka in offer of settlement and as such I believe it would be privileged information.

MR. NEFF: That's not an offer of settlement.

THE COURT: I'll overrule it and I'll permit the answer to stand. I think I understood his answer.

Q (by Mr. Neff) Did you at that time tell him you had all the water that you needed?

MR. CRUMP: I object on the same basis.

THE COURT: Overruled.

THE WITNESS: I told them that I could get by with the water down there."

The trial court sitting without a jury has wide latitude in the admission of evidence. *Spielberg Manufacturing Co. v. Direct Sales International, Inc.,* 566 S.W.2d 839, 840 (Mo.App.1978). Whether these statements would have been admissible, if part of a settlement discussion, is not before us. The record does not show what, if any, settlement offer this conversation was a part of, and we cannot rule that it was inadmissible for that reason, when the record does not so show. Point II is ruled against plaintiffs.

Plaintiffs' final point is that the court's decision was against the weight of the evidence and an erroneous application of the law. Our scope of review under Rule 73.01, V.A.M.R. in a court tried case is to sustain the trial court's determination unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). No findings of fact were requested or made. Where there is conflicting testimony and no findings of fact are made, all fact issues are deemed to have been found in accordance with the result reached. *Spielberg Manufacturing Co. v. Direct Sales International, Inc.,* supra, 566 S.W.2d at 841. We should affirm the trial court if it can be sustained upon any reasonable theory under the law and the evidence. *Roth v. Roth,* 571 S.W.2d 659, 664 (Mo.App.1978). The evidence supported a finding that the defendants' use of the water from Sugar Creek for irrigation was a reasonable use. There was evidence that no harm was caused to the plaintiffs and that the use had no noticeable effect on the water flowing downstream. There was also evidence that there was always water at least in pools on Sugar Creek and always sufficient water for cattle. Under the reasonable use theory, other proprietors have a limited right to use the water to irrigate. *Bollinger v. Henry,* supra, 375 S.W.2d at 166. We cannot say that the use was un-

reasonable where there was evidence that the flow of the stream was not affected and plaintiffs were not damaged by defendants' use. The credibility of the testimony was for the trier of fact. *Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston*, 526 S.W.2d 407, 420–421 (Mo.App. 1975). There was substantial evidence to support the trial court's ruling under the applicable law. Point III is ruled against plaintiffs.

The judgment is affirmed.

All concur.