Williams v. Porter, et al.

GEO. WILLIAMS Respondent, *vs.* J. J. PORTER, *et al.*, Appellants.

1. *Mechanics lien—Description of property.*—When a mechanics lien is filed against a building in the country, and the acre of ground on which it is situated, the description must identify that particular acre, or the lien will fail, and the suit as against the owner must be dismissed.
2. *Mechanics lien—Contractor, judgment against—Lien, failure of.*—Where a mechanic makes a personal contract with the contractor to do work on a house, though his lien against the property may fail, yet he can have a personal judgment against the contractor.
3. *Mechanics lien—Issues—Jury—Instructions of Court.*—In a mechanics lien suit, the question whether there is a lien or not, is one of the issues of the case, and must be submitted to the jury; though where there is a defective description of the property, the Court may instruct the jury that there is no lien to enforce.
4. *Contract—Non-compliance—Adjustment—Appropriation and use of work.*—Where a person does not literally comply with his contract, yet if there is a settlement and acknowledgment of indebtedness, that may be a waiver of the necessity of strict compliance, and if the work is appropriated by the other party to his use, the contractor is entitled to what his work is reasonably worth.

*Appeal from Johnson Circuit Court.*

*Hunter, Johnson & Wright*, for Appellants.

I. A true description of the property, or so near as to identify the same was not filed with the clerk, nor even stated in the petition. (Matlack vs. Lare, 32 Mo., 262.)

II. The petition only prays for a judgment against Porter, and for the amount which is alleged to be due by Porter alone, and for a lien on Gray's house, and one acre, and that without describing the acre; yet the judgment, or rather decree, is jointly against both Porter and Gray—and for the sale of the house and land in the first instance. This judgment as against Gray was without authority by law, and should have been arrested. (2 W. S., 910, § 14.)

III. The court erred in refusing to permit the jury to try the issue of facts as to the lien. (2 W. S., 1040, § 12.)

*Birdseye & Wight*, for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This record seems to present a comedy of errors.

It was an action on an alleged mechanics lien by the plaintiff as sub-contractor under the defendant Porter, for a balance on the plastering of a two story house which Porter had agreed to build for Gray.

The statement filed by the plaintiff, claiming a lien on the property of Gray, contains no such description of the property as the statute requires. The statute, (2 W. S., 909, § 5) provides that there must be a true description of the property, or so near as to identify the same, upon which the lien is intended to apply. The description in this statement is "a two-story frame dwelling house" "on the north-west quarter of the south-east quarter of Section 11, Township 35, Range 31, in the county of Vernon, in the State of Missouri."

The statute (1 W. S., 907, § 2,) gives a lien on the building and the land on which the same is situated, if in the country, to the extent of one acre, if in town, on the lot on which the building is located. The object in filing the lien, is to give notice what land or property is covered by it. And therefore, the acre of ground must be identified by a true description, or so near a true description as to identify it. There is nothing in this description to show in what part of the land the house in question is located, nor any attempt to describe the acre of land intended to be covered by the lien. There being no proper description, no lien was created. (Matlack, *et al.*, vs. Lare, 32 Mo., 262.) As there was no lien to enforce, there could be no cause of action against Gray, and the petition should have been dismissed as to him. Although the suit was for the enforcement of a lien, it was also for the recovery of personal judgment against Porter, with whom plaintiff made his contract to plaster the house, and he may in this proceeding obtain such judgment, if he is entitled to it. (Patrick vs. Abeles, 27 Mo., 184.)

After the jury was sworn to try the whole case the court refused to permit them to pass upon the question, "whether there was a lien or not." That was one of the issues that the jury was bound to pass upon, and the court had no right to withdraw it from them. But on the facts proven, the court ought

to have instructed the jury that there was no lien to enforce, and that they ought to find for Gray on that issue.

After the jury had found a verdict for the amount claimed by plaintiff, the court rendered a personal judgment against defendants. This was manifestly erroneous; even if there had been a lien no personal judgment should have been given against Gray.

Assuming that the contract with plaintiffs was to furnish materials, and make a first class job of plastering, he would not excuse himself on the ground that he could not find in Vernon county the proper kind of sand, &c. But if there was a settlement and a certain amount acknowledged to be due from Porter, that might be a waiver of his right to insist on a literal compliance with the contract. At all events, if the work, &c., was appropriated to the use of Gray, the plaintiff would be entitled to what it was reasonably worth. Such instructions as do not accord with these rulings are erroneous.

The judgment must be reversed and the cause remanded, and the petition dismissed as to Gray.

Judge Wagner absent; the other Judges concur.