————o————

PRICE W. ATKINS, Respondent, *vs.* THOMAS E. HULSE, AND WARREN E. BROWN, Appellants.

1. *Conveyances—Title to one and money paid by another—Evidence necessary to set aside.*—Land was conveyed to A. in consideration of a negro, which had been the property of A., but was alleged to have been given by him to B. *Held,* that the evidence leaving the fact of the gift uncertain, the deed would not be set aside.

*Appeal from Andrew Circuit Court.*

*John P. Altgeld, with J. B. Majors,* for Appellants.

*A. J. Harlan,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment, brought by the plaintiff, as one of the heirs of Tevis C. Atkins, deceased, to recover a portion of certain lots in the town of Fillmore, Andrew county.

Both parties admit that the legal title was in Tevis C. Atkins, and both claim from him as the common source. Defendants claim, and set up in their answer, that the lots were purchased for, and with the money of, Elizabeth W. Dillon, sister of said Atkins, but that by mistake the deed was made to him. Mrs. Dillon was in possession, and afterwards, in 1865, sold the property to Hulse, one of the defendants, who subsequently conveyed a portion of it to Brown, the other defendant.

When the deed from Mrs. Dillon to Hulse was made, the prior conveyance to Atkins was on record. The case was tried by the court, and, after hearing the testimony, a judgment was rendered for the plaintiff.

The main point of inquiry is, whether the evidence sufficiently establishes the claim set forth in the answer, that the lots were paid for with the money of Mrs. Dillon, and that the deed of conveyance was made to her brother, Tevis C. Atkins, by mistake.

The purchase money was derived from the sale of a negro woman. It seems that Atkins owned this negro woman in Virginia, and came to Missouri with his sister, and they brought the woman along with them. There is nothing evidencing a direct and absolute gift of the woman to Mrs. Dillon by Atkins. He appears to have been anxious to assist her, and said that he had brought the woman for her. It is true, that she says in her testimony in one place, that her brother gave her the woman, but taking all the circumstances together, and the other evidence which is inconsistent with this declaration, and it does not bear out the idea that he ever divested himself of, or imparted to her, the legal title. He may have intended as a friendly act that she should have the benefit of the negro, but the evidence is altogether too weak to be construed into an absolute gift. Mrs. Dillon testifies, that, after her brother obtained the deed, he gave it to her, and remarked that it was not as he wanted it, and that he was going to Virginia, and after his return he would change it and have it made in her name. He died on his way to Virginia and never returned. But from other sources it is clearly shown, that he sold the negro and gave a bill of sale for her, and had the deed made out to him. The legal title was vested in him, and the weight of evidence is, that the consideration emanated from him. I think it could be hardly claimed, that Mrs. Dillon could have maintained the possession of the woman from him against his will. He may have intended to have given Mrs. Dillon the title to the lots, but he never lived to carry out his intention. Taking all the

facts together, they are surely insufficient to destroy the legal title and overcome a solemn deed.

There is no merit in the statute of limitations pleaded by the defendants. When this cause of action accrued, the plaintiff was a mere infant, and the action was brought in the time limited in the statute after the disability was removed.

Upon the whole record, we think there is no ground for reversal. Judgment affirmed. All the judges concur, except Judge Vories, who is absent.