RANSON, *Plaintiff in Error*, v. SHEEHAN.

1    **Mechanic's Lien**; DESCRIPTION OF LAND: CONSTRUCTION OF "TRUE DESCRIPTION:" "SO NEAR AS TO IDENTIFY THE SAME." To entitle a contractor to a mechanic's lien, the statute, (Wag. Stat., p. 909, § 5,) requires him to file "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply." To maintain a lien on a building situated on a certain acre of ground, fifteen acres were described by their exterior boundary. *Held*, that this was not "a true description of the property or so near as to identify the same" within the statute.

2.    **Failure of Description**: NOT CURED BY SUBSEQUENT SURVEY. This failure of description could not be cured by the plaintiff's joining with another lienor, in going, after the suit was brought, upon the land, surveying it, and setting out the exact acre in an amended petition—at least, not as against a third party purchasing the premises. *Oster v. Rabeneau*, 46 Mo. 595, distinguished.

3.  Lien failing on Land—not Maintainable on Building.  A me-
    chanic's lien cannot be maintained against the building where the
    lien against the land has failed through an inaccurate description.

*Error to Buchanan Circuit Court.*—Hon. Joseph P. Grubb,
Judge.

Affirmed.

*Graham G. Lacy* and *Vinton Pike* for plaintiff in error.

*Franklin Porter* for defendant in error.

Philips, C.—This is an action to enforce a mechanic's
lien; and the matter to be determined depends on the suffi-
ciency of the petition.  The original petition was filed Au-
gust 19, 1875.  On September 4, 1876, plaintiff filed an
amended petition against Edward Sheehan and his wife
Frances, and Charles B. Wilkinson.  The amended peti-
tion alleged that Edward and Frances were the owners of
fifteen and one-half acres of ground described in the peti-
tion, and that said Edward had, in 1875, for himself and
on account of his wife, and with her full knowledge and
consent, and for her immediate use, enjoyment and benefit,
entered into a contract with plaintiff to erect, build and
complete the brick work of a brick addition, and to fur-
nish red brick and sand and mortar in making other im-
provements to the one-story brick dwelling with stone
basement, owned by said Edward and Frances Sheehan,
and situated on their land described in said petition, for
which plaintiff was to be paid as set forth in said peti-
tion, and that pursuant to said agreement plaintiff fur-
nished material and did the work in making said addition
and improvements, all of which amounted to $511.70, upon
which plaintiff had been paid the sum of $75, leaving a
balance due plaintiff of $436.70; that all of said work was
done and materials furnished between April 1 and May 8,
1875, and that the last item of plaintiff's claim was fur-
nished on May 8, 1875.  The petition avers that plaintiff

duly performed all things on his part as required by his said agreement, and further alleges "that on August 18, 1875, plaintiff filed in the office of the circuit court of Buchanan county a just and true account of the demand due to him for the work done and materials furnished, as aforesaid, after all just credits were given, which was claimed to be a lien upon the building and improvements, for and on account of which said work was done and said materials were furnished, and also a true description of the property, so that the land on which the lien was intended to apply could and can be identified, and also setting forth the name of the owners of the property so subject to said lien, which account and statement was duly verified by the plaintiff who thereby claimed and intended to enforce a lien for the amount so due him as aforesaid against the above-mentioned building and improvements, and the land on which they are situated to the extent of one acre, which account and claim of lien are now on file in said office. Plaintiff avers that on May 7, 1875 the said Edward Sheehan and Frances A. Sheehan did, by warranty deed, convey the real estate above described to the defendant Charles B. Wilkinson, which conveyance was executed after the work aforesaid had been nearly completed, and the day before the last of said materials were furnished, as aforesaid, by plaintiff, of which conveyance plaintiff had no knowledge until after said May 8, 1875. Plaintiff also avers that the defendants, each and all, have failed and refused to designate or set apart the acre of ground subject to plaintiff's lien as aforesaid; that one Jeremiah Irwin also claims a lien against the said building and improvements and one acre of ground upon which they are situated, for work and labor done on said building and improvements, and is prosecuting his suit in this court to establish his said lien and to obtain a special judgment according to the statute in such case made and provided; that plaintiff knows of no other person or persons holding or claiming a mechanic's lien against said property; that plaintiff and said Irwin have caused to

be measured, designated and defined, one acre of ground
out of the land above described, and upon which said build-
ing is situated," which said acre of land, so measured,
defined and designated, the petition set out in full.    It
then averred that upon this acre of ground and building
and improvements before mentioned, the plaintiff claims a
lien for the amount aforesaid for the work and material
furnished; that the account accrued and became due and
payable on May 8th, 1875, when payment was demanded
and refused.

The defendants failing to answer said petition, their
default was duly entered, and at the January term, 1877,
the cause coming on to be heard upon an inquiry of dam-
ages, the plaintiff introduced evidence proving that he had
performed the work and furnished the material charged in
his petition upon the building described in the petition, and
that said building is the only one on said fifteen-acre tract,
and that the work and materials were reasonably worth
the amount charged in the petition.    Upon this evidence
and upon the statements of the petition not denied, plaint-
iff submitted the cause.

Thereupon the defendant read in evidence the account
and statement filed in the clerk's office, upon which plaint-
iff claimed his mechanic's lien which is as follows:

ST. JOSEPH, Mo., August 18, 1875.

Edward Sheehan and Frances A. Sheehan,

To William Z. Ranson, Dr.,

(It, mized Statement)

To balance.................................................$436 70

After setting forth the itemized account under the
above heading, the statement follows that it is a just and
true account of the demand due plaintiff, after all just
credits are given, for materials furnished and work done in
erecting an addition to the one-story brick dwelling house
with one basement situated on the fifteen and one-half acre
tract of land, which is described as in the petition, and that

the work was done and materials furnished between a day in April and May 8, 1875, the last labor being performed on the last named date; that Frances and Edward were together the owners of said real estate, and that said Edward for himself and for his wife, contracted for said improvements, and concludes: "And the said William Z. Ranson intends that this shall be a lien on said building and improvements above mentioned, and on the above described real estate to the extent of one acre, and files the same as a lien thereon." Said statement was duly verified and filed in the office of the circuit clerk of Buchanan county, August 17th, 1875.

The court rendered judgment upon the evidence against the plaintiff as to Frances A. Sheehan and Charles B. Wilkinson, and refused to adjudge or foreclose a mechanic's lien in plaintiff's favor for the claim stated in plaintiff's petition, and refused to render judgment against said Frances or said Wilkinson, or either of them, whereto plaintiff excepted, and brings the case here on writ of error.

Was this petition sufficient to entitle the plaintiff to the lien claimed on the land? Section 1, page 907, Wag-ner's Statutes, gave such contractor "for his work or labor done, or materials furnished, a lien upon said building, and upon the land on which the same is situated to the extent of one acre." Section 5, page 909, provides, *inter alia*, that to entitle such contractor to the lien he shall "file with the clerk of the circuit court a just and true account of the demand due him which is to be a lien upon such building, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply," etc. It is apparent from the description which the petition alleges to have been filed with the clerk, that it was impracticable, if not impossible, to determine from it the acre of ground to be impressed with the intended lien. Fifteen acres are described by their exterior boundary. This is no description of any one acre; nor is it " so near as to identify the

<span style="font-size:smaller">1. MECHANIC'S LIEN: description of land: construction of: "true description:" "so near as to identify the same."</span>

same." This precise question is decided in *Williams v. Porter*, 51 Mo. 441, and *Wright v. Beardsley*, 69 Mo. 548.

The plaintiff sought below to remedy this objection by joining with another alleged lienor in going, after suit was instituted, on the land and by survey definitely ascertaining the acre on which the house stood, and then setting out this acre in his amended petition. The supposed authority, I presume, for this procedure was based on the suggestion of Currier, J., in *Oster v. Rabeneau*, 46 Mo. 595. That was a case of a lien on a single town lot, which embraced a fraction over an acre, and it was held that the excessive description of the fractional part ought not, as between the lienor and the owner of the lot for whom the work was done, to vitiate the lien where the true limit of the lot to be affected was so easily ascertainable by a commissioner or other agent of the court. But in such case the ministerial officer or agent is designated by the court and the suggestion is no authority for the lienor, after suit brought, constituting himself surveyor, and making the admeasurement. Whilst upholding with the most liberal construction the beneficent provisions of this law, wisely designed as it was for the protection of the men whose materials and labor have been applied to the enhancement of another's property, yet where, as in the case at bar, the rights of a third party, a subsequent purchaser, are concerned, a stricter rule of construction is maintained. ·Wagner, J., in *De Witt v. Smith*, 63 Mo. 263, 266, 267, while asserting with spirit the rights of the lienor, observes : " In reference to the case now under consideration it must be borne in mind that there is no contest between independent outside parties. Had a third person purchased the property without any other notice on the record, he might have been deceived by the misdescription, and it would not be notice to him."

In the case now under review, Wilkinson bought from Sheehan and his wife, the owners, before the plaintiff filed any lien at all, and certainly to affect him with the

*2. FAILURE OF DESCRIPTION: not cured by subsequent survey.*

43—78

lien subsequently filed there should be an approximate conformity to the letter of the statute. The petition in this case does not even aver that he had any notice when he bought. No such averment would have been necessary had the plaintiff, though subsequently filing his lien, complied with the law. It must, therefore, result that the plaintiff, under the petition, was not entitled to have his lien enforced against the land or any part of it

3. LIEN FAILING ON LAND—NOT MAINTAINABLE ON BUILDING. The plaintiff contends, however, that enough was shown to entitle him at least to maintain his lien against the building in question. And this presents for determination the question as to whether a mechanic's lien will attach, under our statute, against the building alone where the lienor has failed to affect the acre of land with his lien? If this were a question of first impression, and my opinion were of controlling force, I would be inclined to hold the affirmative of this proposition, on the grounds that the first section of the mechanic's lien law says the contractor and material man "shall have a lien upon such building and upon the land." The building being the principal subject of the lien, that which in fact is the occasion of the lien, I view the acre of land as an additional security to the creditor lienor; and because the creditor does not see fit to take all the security which the law accords him it is difficult to understand why he should lose the whole, where he has filed his lien on the principal thing—the building. The debtor who has failed to pay for the work, it seems to me, ought not to complain that his creditor did not ask for the lien on the land.

But in *Williams v. Porter*, 51 Mo. 441, the Supreme Court of this state held otherwise, and asserted that where the mechanic had failed, as in the case now under review to obtain his lien on the acre of ground by vague description, "no lien was created." This construction the present Supreme Court is in favor of maintaining. The lien on the building is made to depend on the lien on the acre

of ground to prevent difficulties and embarrassments which would inevitably arise out of a construction that would permit one man to sell and own the building, while another owned the ground on which the building stood. · The only case provided by statute for the removal of the building from the land by the purchaser under the mechanic's lien, being in the instance of prior encumbrances and mortgages, and in case of leaseholds, the inference is that the legislature did not contemplate any other contingency under which the building might be separated from the land; and as without this right of separation the lien on the building alone would be of little avail, such separate lien was not in the legislative mind in enacting the statute. It follows under this view of the law that the judgment of the circuit court must be affirmed. All the commissioners concur.

SHERWOOD, J., dissented.