RALL BROS., Appellants, v. BOYD McCRARY *et al.*, Administrators, Respondents.

Kansas City Court of Appeals, May 11, 1891.

1. **Mechanics' Lien** : DESCRIPTION OF THE ACRE: THIRD PARTIES. A lien account described the premises as a "frame barn and one acre on which the same is situated, being erected on a tract of

Rall Bros. v. McCrary.

sixty-four acres, being all of the north half of the southwest quarter, section 12, etc., and lying west of the branch," etc. *Held*, if the rights of third persons were to be affected by the lien sought to be enforced, the vagueness and uncertainty of the description would be fatal to the lien.

2    ——— : ——— : ORIGINAL PARTIES. Where the contest is wholly between the materialman and the land-owner whose property has been improved by the furnished material, the true doctrine seems to be, that if the description is specific and definite enough, so as to enable one familiar with the locality to identify the premises intended to be covered by the lien, it will be sufficient, and it is *held*, that the owner is presumed to be sufficiently familiar with the premises to locate and identify the acre intended by the foregoing description and other facts contained in the lien paper.

3.    ——— : PRACTICE : COMMISSIONER TO IDENTIFY THE ACRE : EVIDENCE. In a case where the contest is between the land-owner and the materialman, on application by the lienor, the court will appoint a commissioner to make a survey of the land sought to be charged, establish the boundaries of the acre connected with the structure erected or improved and report such survey to the court ; which report should be admissible in evidence with the lien paper, and the two together would make out the lienor's *prima facie* right to the lien.

4.    ——— : ——— : LIEN ON BUILDING : EVIDENCE. The lien paper was admissible in evidence, and, if no proper proof of survey of the land was made, then the jury should have been instructed that the description of the acre of land was too vague, indefinite and uncertain to authorize the finding of a lien against it, but that such description was sufficient to justify the lien against the barn.

5.    ——— : PLEADING : MATERIAL USED IN BUILDING. A petition to foreclose a mechanics' lien is not fatally defective, because it fails to allege that the material went into the buildings, where it does allege that the materials were furnished the owner of the property for any building, erection or improvement thereon.

*Appeal from the Howard Circuit Court.*—Hon. Jno. A. Hockaday, Judge.

Reversed and remanded.

*Shackelford & Montague*, for appellants.

· (1) The better doctrine now is that these statutes are highly remedial in their nature, and should receive a

liberal construction. *De Witt v. Smith*, 63 Mo. 263; *Oster v. Rabeneau*, 46 Mo. 595; *Putnam v. Ross*, 46 Mo. 337; Phillips' Mechanics' Liens, sec. 379. (2) The presumption was that the frame barn was the only barn on this part of the tract, and was evidently a sufficient description to enable anyone to identify the acre, and the building on which the lien was intended. *Bradish v. James*, 83 Mo. 313. This case is within the exception mentioned in *Ranson v. Sheehan*, 78 Mo. 668, in which the court was divided. In that case a third party was interested. In this case it was between orig- inal parties, administrators and a prior incumbrance. This is a stronger case, because the prior incumbrance admits the lien by failure to plead. (3) As between the parties, the description of the barn being certain and definite, the plaintiffs have a right to a judgment against the structure, with right to sell it and remove it under section 3174, Revised Statutes of 1879. *Hotel Co. v. Sauer*, 65 Mo. 279; *Hall v. Mfg. Co.*, 22 Mo. App. 33; *Jodd v. Duncan*, 9 Mo. App. 417; *Smith v. Phelps*, 63 Mo. 585; *Hayden v. Wulfing*, 19 Mo. App. 353; *Holland v. McCarty*, 24 Mo. App. 82; *Miller v. Hoff- man*, 26 Mo. App. 177. (4) When materials are fur- nished to erect a building in the country, the filing a lien describing the particular tract of land on which the building is situated is all the description a party can make. The words, "so near as to identify the same," were not in the statutes until after the revision of 1855, evidently showing that the legislature intended to rem- edy the particulars heretofore required, so that, in order to make the judgment against the specific property suf- ficient to clearly identify the property, the court, where the rights of third parties do not intervene, is authorized to appoint a commission to make a correct survey before judgment. *Oster v. Rabeneau, supra*. This is quoted with approval by the court in *Ranson v. Shee- han, supra*. It is now earnestly submitted to this court that where third parties are not interested, as in this

case, and that inasmuch as the plaintiffs have no right to enter the land to make a survey, the court will order such survey to be made to determine the exact location of the barn before judgment is rendered. This point has never been made before under the law, and certainly the court will not permit the object of the law to be defeated, when the court can perfect that which is impossible to be done by the parties.

*A. J. Herndon* and *Draffen & Williams*, for respondents.

(1) The trial court properly excluded the paper filed by the plaintiffs for the purpose of securing a mechanics' lien. *First.* The description of the property sought to be charged with the lien is wholly insufficient. The statement shows that the barn is situated upon a tract of sixty-four acres, but it does not appear upon what part of the tract it is located. It would be impossible to locate the acre of ground from this paper. *Williams v. Porter*, 51 Mo. 441; *Mallock v. Lare*, 32 Mo. 262; *Wright v. Beardsley*, 69 Mo. 548; *Ranson v. Sheehan*, 78 Mo. 668; *Fitzpatrick v. Thomas*, 63 Mo. 512. *Second.* The statute requires the lien claimant to file with the clerk of the circuit court a true description of the property upon which the lien was intended to apply, or so near as to identify the same. The right to the lien is purely statutory. There is nothing in the statute declaring that an indefinite description, not identifying the property, will be sufficient in a contest between the original parties, while a correct description must be given if the rights of third persons intervene. The legislature has laid down one rule applicable in all cases, and that requires a true description of the property, or so near as to identify the same. *Fitzpatrick v. Thomas*, 63 Mo. 512-15. *Third.* The suggestion that, " presumption was that the frame barn was the only

barn on this part of the tract, and was evidently a suf-
ficient description to enable anyone to identify the acre
and the building on which the lien was intended," is
untenable.   There is no presumption to that effect.
The description is no more definite here than the one held
insufficient in *Williams v. Porter*, 51 Mo. 441.  *Fourth.*
As the lien fails against the land, because of the insuf-
ficient description, it cannot be enforced against the
building.   *Ranson v. Sheehan*, 78 Mo. 668.   (2)   The
judgment was for the right party.   The allegations of
the petition were insufficient to authorize the enforce-
ment of a lien against the property.   It is not alleged
that the materials sued for were used in the building.
The fact that they were sold for this purpose is insuf-
ficient.   They must have been so used.   The lien is
given because the materials have added to the value of
the property.   The fact that they were used in the
building must be alleged and proved.   There is no such
allegation in the petition.   *Simmons v. Carrier*, 60 Mo.
581;  *Fitzpatrick v. Thomas*, 61 Mo. 515;  *Schulenberg
v. Home Institute*, 65 Mo. 295;  *Mill Co. v. Ritter*, 33
Mo. App. 404.

SMITH, P. J.—This was a suit to enforce a mechan-
ics' lien.   The defendants had judgment and the plain-
tiffs appealed.   The principal question presented by the
record for our consideration is whether the court erred
in sustaining the defendants' objection to the intro-
duction of the paper purporting to be a lien on the
ground that it contained no sufficient description of the
property sought to be charged.   The description was
"a frame barn and one acre on which the same is sit-
uated, being erected on a tract of sixty-four acres, being
all of the east half of the southwest quarter, section 12,
township 52, range 18, in Howard county, and lying
east of the branch running north and south."   The
statute, section 3176, Revised Statutes, 1879, provides
there must be a true description of the property, or so
VOL. 45—24

near as to identify the same, upon which the lien is intended to apply.   It further gives a lien on the building and land on which the same is situate, if in the country, to the extent of an acre.   Section 3172.   The object in filing a lien is to give notice of what land is covered by it.   An acre of land must be identified by a true description, or a description so near true, that it can be identified by it.   There is nothing in the description here to show in what part of the fractional quarter section the acre intended to be charged with the lien is situated.   There are no metes and bounds set forth.   If the rights of third persons were to be affected by the lien sought to be enforced we should not doubt that the vagueness and uncertainty in the description just mentioned would be fatal to it.   *Matlock v. Lare*, 32 Mo. 262 ; *Williams v. Porter*, 51 Mo. 441 ; *Wright v. Beardsley*, 69 Mo. 549 ; *Ranson v. Sheehan*, 78 Mo. 673 ; *Bradish v. James*, 83 Mo. 313.

In reference to the case now under review there is no contest between independent outside parties.   Had a third person purchased the property without any other notice on the record it would probably not have been notice to him.   Where the rights of third persons who are subsequent purchasers are concerned, a stricter construction is maintained than when the controversy is between one who has furnished materials or labor to another whose property has been thereby enhanced. *Ranson v. Sheehan*, 78 Mo. 668;   *De Witt v. Smith*, 63 Mo. 263.   These statutory provisions are highly remedial, and should be so construed as to effectuate the benign intention of the law-maker.   *McAdow v. Sturtevant*, 41 Mo. App. 220.   In this case the contest is wholly between the materialman and the land-owner whose property was improved and benefited by the materials which were furnished and used in the structure situate on the land of the latter.   In such case " the true doctrine seems to be, that if the description is specific and definite enough, so as to enable one familiar with the locality

to identify the premises intended to be covered by the lien it will be sufficient." *Bradish v. James*, 83 Mo. 313; *De Witt v. Smith*, 63 Mo. 263; *Holland v. McCarty*, 24 Mo. App. 82. The owner of the particular tract of land described in the lien paper on which the barn was standing, for the improvement of which the material-man furnished the lumber, must be presumed to have been familiar with not only the boundaries of his land but the building thereon situate, which he had erected or improved by the use of the material furnished. The description of the land and the other facts stated in the lien paper were certainly ample for the purposes of enabling the defendants or their intestate to locate and identify the acre of land which it was sought to charge with the lien. There could be no mistake about this. And from this description the acre could be located and the boundaries established without the slightest difficulty. The lien paper stated that the barn was located on a certain tract of land, which was well described, and the particular acre was, therefore, susceptible of ascertainment and segregation by the court through a surveyor or commissioner or other officer appointed by it for that purpose. The acre could in this way be identified and its boundaries defined and established.

In *Oster v. Rabeneau*, 46 Mo. 595, the acre connected with the building was measured off by the county surveyor and proof made of it before the court, and the court adopted the survey and rendered judgment in which the surveyor's description was employed in describing the subject of the lien so established.

In the opinion expressed by Mr. Commissioner PHILIPS in *Ranson v. Sheehan*, 78 Mo. 668, it was remarked that "it was suggested that the survey should be made by an officer of the court under an order for that purpose. We can perceive no reason why the survey of the county surveyor, acting under his official oath and bond, cannot be received in evidence to establish the boundaries of the acre of land which is the subject of the lien,

as well as that of an officer appointed by the court to make the survey. R. S. 1879, secs. 7374, 7381 and 7382. It may have been, and perhaps was, the intention of the supreme court in the last-named case to disapprove the method of ascertaining the boundaries suggested in *Oster v. Rabeneau, supra*, and to require the lienor to accomplish this through a commissioner under the order of the court where the case is pending. The rule of practice, therefore, would appear to be that in a case like the one at bar where the contest is between the materialman and the owner of the property on which the structure erected, or improved, stands, that on application by the materialman to the court a commissioner may be appointed, who under an order of the court can make a survey of the land sought to be charged with the lien, establish the boundaries of the acre connected with the structure erected, or improved, and report such survey to the court. This would be admissible in evidence in connection with the lien paper. The lien paper should be admitted in evidence and if supplemented with a proper survey would, if unobjectionable in other respects, be sufficient to make out the lienor's *prima facie* right to the lien. Of course this presupposes that proof to sustain the other material allegations of fact in the petition has been made.

Under the provisions of section 3174, Revised Statutes, 1879, a lienor in a case, where there is no controversy with outside or third parties, may subject the "building, erection or improvement to sale under execution and the purchaser may remove the same within a reasonable time thereafter." *Kansas City Hotel Co. v. Sauer*, 65 Mo. 279 ; *Smith v. Phelps*, 63 Mo. 585 ; *Crandaer v. Cooper*, 62 Mo. 578 ; *Rutley v. Hudson*, 62 Mo. 383 ; *Hall v. Mfg Co.*, 22 Mo. App. 33 ; *Holland v. McCarty*, 24 Mo. App. 82 ; *McAdow v. Sturtevant*, 41 Mo. App. 220. If the plaintiff failed to follow up the introduction of his lien paper with proper evidence of a survey of the land which it was intended to charge with

the lien, still the lien paper was admissible in evidence as tending to establish a lien against the barn into which the plaintiff's materials went. Whether the survey defining the boundaries of the land was offered in evidence or not, the lien paper was admissible in evidence, and it was the duty of the court to declare its effect to the jury. If no proper proof of survey of the land was made, then the jury should have been directed that the description of the acre of land was too vague, indefinite and uncertain to authorize the finding of a lien against it; but that such description was sufficient to justify the lien against the barn.

The defendants contend that the petition does not state facts sufficient to constitute a cause of action in that it is not alleged the materials furnished "were actually used in the construction of the building." This contention we do not think can be sustained in a case like this, where the materials were alleged to have been furnished to the owner of the property, for any building, erection or improvement thereon. If, however, furnished to a contractor or a subcontractor, then this averment would seem necessary. This will appear quite manifestly so by an examination of section 3194, Revised Statutes, 1879, in connection with the cases referred to by defendants.

For the error already stated the judgment must be reversed and the cause remanded. All concur.