KIRKWOOD MANUFACTURING & SUPPLY COMPANY, Respondent, v. LOUISE SUNKEL, Appellant.

St. Louis Court of Appeals, April 19, 1910.

1. MECHANICS' LIENS: Misdescription of Premises: Including Land of Another: Including Less than One Acre. Where a mechanic's lien statement described the land on which the building was constructed and also adjoining land belonging to another which was not subject to the lien, it was not fatally defective, but was enforceable as to the parcel containing the improvement, its metes and bounds being clearly established by the proof; and the fact that the parcel would not include one acre could prejudice no one but plaintiff.

2. ————: ————: Right to Lien on Improvement. A mechanic's lien claimant who has misdescribed the ground on which the improvement was erected has a right to have a lien on the improvement, apart from the ground.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

REVERSED AND REMANDED (*with directions*).

*Thos. H. Sprinkle* for appellant.

(1) The description of the property was not a true description or so near as to identify same, consequently

the lien must fail and suit against the owner dismissed. R. S. 1899, secs. 4203, 4207; Williams v. Porter, 51 Mo. 441; Wright v. Beardsley, 69 Mo. 548; Matlack v. Lare, 32 Mo. 262; Oster v. Rabeneau, 46 Mo. 595; Mayes v. Murphy, 93 Mo. App. 37; Planing Mill v. Christophel, 60 Mo. App. 106; Powers, etc., v. Muir, 123 S. W. 490. (2) The contract sued on herein not being entered into between respondent and Hogan, is not binding on this appellant. Duross v. Broderick, 78 Mo. App. 260; Lumber Co. v. Myers, 87 Mo. App. 671; Richardson v. O'Connell, 88 Mo. App. 12; Hengstenberg v. Hoyt, 109 Mo. App. 622. (3) Furnishing material to workmen creates no right of lien in the party furnishing the material. Boisot on Mech. Liens, sec. 244, p. 238; Greenway v. Turner, 4 Md. 296; Ogg v. Tate, 52 Ind. 159; Brown v. Cowan, 110 Pa. St. 588.

*J. G. Hawken* for respondent.

(1) The rule as to description of the property is that if there appears enough to enable a party familiar with the locality to identify the premises, with reasonable certainty, it is sufficient. DeWitt v. Smith, 63 Mo. 267. (2) The Mechanics' Lien Law is a remedial statute, and must not be construed with unfriendly strictness. McQuillin's Mo. Practice, sec. 1784, p. 1088, and authorities there cited. (3) Hogan's contract with respondent is binding upon appellant. The materials furnished were used in defendant's house. Lumber Co. v. Harris, 107 Mo. App. 148; Crane Co. v. Neel, 104 Mo. App. 177.

GOODE, J.—Plaintiff, an incorporated company, furnished material in 1907 to William J. Hogan, who had contracted with the defendant Louise Sunkel to build a two-story brick dwelling for her on a lot she owned in St. Louis county. The material furnished consisted of door frames, window frames, moulding and other articles which will not be enumerated as there

is no contention about them. Hogan did not pay plaintiff for the material and in due time a lien account was filed and the present action brought to enforce it. The controversy in the case relates to the sufficiency of the description in the lien account, petition and judgment of the parcel of ground on which a lien is sought. This is the description contained in the three documents:

"A lot of ground containing one acre, beginning at a point of the center line of Schultze avenue, where said center line is cut by the south line of property of Minnie Michael described in a deed dated March 25, 1907, and of record in the recorder's office of St. Louis county, Missouri; thence west along said south line of said Michaels two hundred seventy-two and one-quarter (272 1-4) feet, thence south and parallel with said center line of Schultze avenue one hundred sixty (160) feet, thence east and parallel with the above defined north line two hundred seventy-two and one-quarter (272 1-4) feet to the center line of said Schultze avenue and thence north along said center line of Schultze avenue one hundred and sixty (160) feet to the point of beginning. The same being the east one-half of a lot of ground described in deed of record in the recorder's office of St. Louis county in book 213, page 145."

The court found in favor of plaintiff and against Hogan the contractor, and that the latter was indebted to plaintiff in the sum of $479.20, for which judgment was entered against Hogan; further found plaintiff had established and was "entitled to a lien for said sum against a certain two-story brick dwelling house on a certain piece or parcel of ground, situated in the county of St. Louis and State of Missouri, and described in said petition as follows, to-wit," whereupon the above description is set out. The concluding part of the judgment orders, "if sufficient property of said defendant William J. Hogan cannot be found wherewith to satisfy said judgment, interest and costs, then that the same or the residue thereof be levied on and enforced

against the hereinabove described building and land
upon which the same is situated as aforesaid, charged
with a special lien thereof, and that a special *fieri facias*
issue in conformity herewith.'' The description given
in the judgment, petition and lien statement covers a
lot on the west side of Schultze avenue, facing east, and
160 feet wide by 272 1-4 feet deep, or extending back
that far from the west line of Schultze avenue. The
use of the word "avenue" suggests the lot is in a town;
but it is not so stated and we surmise from the record
it is in a platted addition to the city of Kirkwood, which
lies outside the city limits. The lot owned by defend-
ant Louise Sunkel has a width of only eighty feet on
the avenue instead of one hundred and sixty feet, and
instead of extending back two hundred seventy-two and
one-quarter feet, extends back twice that distance, or
five hundred forty-four and one-half feet. Annie H.
Sunkel owns a lot eighty feet wide immediately south
of the lot of Louise Sunkel and extending back half
the depth of the latter lot. This plat will indicate the
situation of the properties and that portion (*i. e.,* the
east half) of Louise Sunkel's which is inclosed by
heavy lines is where the house is built.

In describing the property in the lien account and petition and also in the judgment, only the east half of appellant's lot was described, and along with it all of Annie H. Sunkel's lot. The evidence taken at the trial proved this, but nevertheless the judgment followed the description given in the lien statement and petition. Perhaps the recital quoted from the judgment would induce us to conclude the court meant to declare a lien only on the building, but the final paragraph orders the lien enforced against the building and the land as described in the judgment; which would require it to be enforced against Annie H. Sunkel's lot as well as the east half of Louise Sunkel's. The latter's attorney contends the description was so erroneous as to prevent a lien from attaching to any part of the premises. The statute requires a person who seeks to fasten a lien on property, to set out in his account a true description of the property on which the lien is intended to apply or one "so near as to identify the same." [R. S. 1899, sec. 4207.] There is no uncertainty in the description in the lien account, but the difficulty is, part of the ground described did not belong to the owner of the house for which the material was furnished and, of course, is not subject to plaintiff's claim. Hence the question for decision is not whether the ground is described with certainty, but whether the lien can be maintained on that portion of it owned by Louise Sunkel and on which the building stands, when the proof shows the calls and boundaries take in a lot she does not own. According to the decisions this error did not prevent the lien from attaching upon the portion of the ground owned by her and where the building is. The rights of no purchaser, creditor or other lienor or incumbrancer are involved, the case stands between Louise Sunkel and plaintiff who furnished the material which became part of her house. The cases nearest in point are those wherein an excess of property was described in the account, and this mistake was held not to vitiate the lien

if the interest of no third person was at stake. In Oster v. Rabeneau, 46 Mo. 595, the ground described embraced more than one acre and the court assumed, for the purposes of the case, that though the improvement was on a city lot, only an acre could be made subject to the lien, and held it would be unjust and contrary to the purpose of the statute to rule the lien was wholly void. In said case the acre on which the improvement stood had been ascertained by the county surveyor, the survey had been adopted by the circuit court in giving judgment, and this course was approved. In DeWitt v. Smith, 63 Mo. 263, the account stated the right numbers of the lots, but located them in block 2, instead of block 20, and the lower court held the mistake was fatal. On appeal the Supreme Court held the statutory requirements were complied with because the description would enable a party familiar with the locality to identify the premises meant to be charged with the lien. The opinion said if a third person had purchased the property without other notice than the account filed, he might have been misled and then a different rule would be applicable. In Ransom v. Sheehan, 78 Mo. 668, the material had been furnished for a building which was said in the statement to stand on a described tract of land containing fifteen and one-half acres, and the lien was asked on the building and one acre about it. The court said the description of the tract by its exterior boundaries was neither exact nor so near as to identify the acre, and denied the lien because the rights of third parties would be affected by enforcing it; for that reason distinguishing the case from Oster v. Rabeneau and DeWitt v. Smith, supra. In Bradish v. James, 83 Mo. 313, the ground where the improvement was erected contained more than an acre as described in the petition and statement. The description was by metes and bounds, and though the parcel described was in excess of an acre, the court said the true doctrine settled in Oster v. Rabeneau and DeWitt v. Smith was that a

description specific and definite enough to permit one to identify the premises intended to be covered by the lien, was sufficient; saying further it would be difficult to identify the acre to which the lien in the instant case would apply, and unless the trial court could ascertain and specify the acre so as to identify it as the site of the building, no intelligent judgment could be rendered. This was not a definite decision on the sufficiency of the description, but was an indorsement of the rule declared in the prior cases. In Holland v. McCarty, 24 Mo. App. 82, a lien was sought on the St. Louis Fair Grounds, one hundred and fifty acres in area, and as in Oster v. Rabeneau, the court assumed the lien could be declared only against one acre. No special description of this acre was given in the petition or account, but the court said the description of more than an acre in the account did not destroy the right of lien altogether; but as between the person asserting it and the owner, it was competent for the trial court to ascertain by commissioners, or otherwise, what acre of the described tract the lien should be established against. In Rawle Bros. v. McCrary, 45 Mo. App. 365, the description in the account of the tract on which the improvement had been made, embraced sixty-four acres, and there was nothing to show in what part of the tract the acre to be charged lay. But as no third parties were interested in the case, the court, following the decision supra, held the particular acre on which the barn stood could be located and the boundary established; that the owner of the entire tract would be presumed to know, not only the boundaries of his land, but the part of it where stood the improvement into which the material entered. Consistently with the doctrine of those cases a writer on the subject of Mechanics' Liens says the inclusion of too much land in the notice of a lien account, petition, affidavit or other papers, is not fatal in the absence of fraud and the lien will attach against the proper quantity of the parcel of land. [Phillips, Mechanics' Liens (3 Ed.), sec.

387.] The decisions supra were not given on facts identical with those before us, but we think this case falls within the principle established; which is that when the account fails to describe the exact quantity of ground charged with a lien, but includes the quantity in the description of a larger tract, the lienable part will be charged, and the court will ascertain it and give judgment accordingly. In the instance before us land belonging to appellant and where the house stands is embraced in calls which embrace other ground, and a part of her lot is omitted. These errors are not fatal, because they can work no harm to any one and did not even leave appellant in doubt about what property of hers was intended to be charged with the lien. The metes and bounds of this tract were clearly established by the proof; and the lien could have been declared on it without affecting any third person's interests. It is not necessary to resort to a survey or commission, and while it is true the parcel would not include an acre, that circumstance could prejudice only the plaintiff.

We remark further the law appears to be settled now in favor of the right of a lien claimant who has misdescribed the ground on which an improvement was erected, to have a lien on the improvement, apart from the ground. [Sawyer v. Lumber Co., 172 Mo. 588, 598, 73 S. W. 137.] There have been decisions by the Supreme Court to the contrary. [Ransom v. Sheehan, 78 Mo. 668; Williams v. Porter, 51 Mo. 441.] And this court has followed them. [Mayes v. Murphy, 93 Mo. App. 37.] But there was a prior decision given in Kansas City Hotel Co. v. Sauer, 65 Mo. 279 in accord with Sawyer v. Lumber Co., supra, and in the latter case the Supreme Court reverted to the rule stated in the former.

The judgment wrongly enforced the lien against Annie H. Sunkel's lot; wherefore it will be reversed and the cause remanded with a direction to the court

below to enter judgment enforcing it against no ground except that part of Louise Sunkel's lot which is described in the petition.    All concur.