JONES LUMBER COMPANY, ET AL., RESPONDENTS, v. THEODORE SNYDER, ET AL., APPELLANTS.*

Kansas City Court of Appeals. December 5, 1927.

1228

*Corpus Juris-Cyc References: Mechanics' Liens, 40CJ, section 396, p. 304, n. 80, 81; section 577, p. 421, n. 13.

*R. E. Ash* and *L. E. Atherton* for respondents.

*U. A. House* and *O. F. Libby* for appellants.

BLAND, J.—This is an action to establish a mechanic's lien for lumber and building material furnished by plaintiff for the erection of a house. The case was tried before the court upon an agreed statement of facts showing the following: In the year 1925 defendant, Theodore Snyder, was the owner of 120 acres of land in Sullivan and Adair counties. There was a frame dwelling house erected on a solid concrete foundation, situated upon forty acres of this land, described as the southeast quarter ($\frac{1}{4}$) of the southeast quarter ($\frac{1}{4}$) of section thirty-six (36) township sixty-three (63) of range eighteen (18) in Sullivan county, Missouri. During that year all of the building except the foundation was destroyed by fire. Thereafter Snyder erected a new frame house upon the old foundation. In September, 1925, plaintiff furnished to Snyder building material that went into the new house of the value of $815.98, which at the time of the trial had been reduced by credits to $469.75. The agreed statement of facts recites "that the (new) house erected with the materials furnished by plaintiffs for which the suit is brought, was rebuilt on the foundation of the former house."

It appears that defendant, Anna Brown Home for the Aged, was prior to the destruction of the old house, and now is, the owner of a note in the sum of $4500, secured by a deed of trust upon the 120 acres of land, executed by the defendant Snyder to defendant Polling on July 19, 1924; that on said date Snyder executed a second deed of trust on the land to defendant Polling in the sum of $725. Both of these deeds of trust were duly recorded on December 23, 1924. At the time these deeds were executed the frame house that was afterwards destroyed by fire was upon the property. On Novem-

ber 26, 1926, after this suit was brought and service was had upon Polling, he purchased the 120 acres in question under foreclosure of the second deed of trust and is now the owner of the property. Neither Polling nor the Anna Brown Home for the Aged were parties to the contract under which plaintiffs furnished the lumber and building materials for the erection of the new house. The court rendered judgment establishing a first or prior lien in favor of plaintiffs upon the *new building alone* in the sum of $479.13 and defendants Polling and the Anna Brown Home for the Aged have appealed. The petition alleges—''That said materials were furnished and used in the construction of a new frame dwelling house situated on premises in Sullivan county, Missouri, and described as follows: one acre near south center of the southeast fourth of the southeast quarter of section thirty-six (36) Township sixty-three (63) Range eighteen (18).''

It further alleges that the property upon which the house was located was at the time mentioned therein owned by the defendant Snyder, and also contains a description of the $4500 deed of trust upon the property and the name of the trustee and beneficiary and where it was recorded. This was the only description appearing in the petition of the property against which a lien for the lumber and materials furnished by plaintiffs as aforesaid was sought to be established.

The only point raised by defendants in this appeal involves the question as to whether or not the court erred in adjudging that the lien of plaintiffs upon the house for lumber and materials furnished, was superior to that of the two deeds of trust.

It is insisted that the petition fails to state any cause of action entitling plaintiffs to the judgment rendered, for the reason that the description of the land contained in the petition is insufficient. There is no merit in this contention. We think enough appears in the description to enable a party familiar with the locality to identify the building against which the lien was established although the description is very general. [Rall Bros. v. McCrary et al., 45 Mo. App. 365.] It is sufficiently disclosed by the pleadings and the agreed statement of facts that this was the only house upon the forty acres described in the petition. In support of their contention defendants cite the case of Matlack v. Lare, 32 Mo. 262. In that case the house was described as ''two three-story brick houses, situated on the east side of Fifth street between Franklin avenue and Morgan street, and reputed to be owned by the said John G. Lare.'' The lien statement did not even state in what city these houses were located. Here a correct description, although a very general one, was given of the land which was described as being situated in Sullivan county. The description of the land in the case of Williams v. Porter, 51 Mo. 441, cited by the defendants, was

1230

somewhat more indefinite than the one in the case at bar. However, the Williams case has undergone considerable revision. If the court had attempted, in the case at bar, to establish a lien on the one acre of land upon which the petition alleges the house was situated, that case might possibly have been in point, and it no doubt would be if the interest of a subsequent innocent purchaser or an innocent holder of a subsequent incumbrance were involved. An examination of the following cases will show that the Williams case is no longer an authority where facts similar to those in the case at bar are present. [Rall Bros. v. McCrary, supra; Ranson v. Sheehan, 78 Mo. 668, 674, 675; Lumber Co. v. Clark, 82 Mo. App. 225, 233, 234; Sawyer & Austin Lumber Co. v. Clark, 172 Mo. 588, 597, 598; Cornice & Roofing Co. v. Trust Co., 146 Mo. App. 36, 50, 51; Manufacturing & Supply Co. v. Sunkel, 148 Mo. App. 136, 143; Lumber Camp v. Robson, 182 Mo. App. 611, 625.]. Although the rights of defendants have arisen by virtue of liens antedating that under which plaintiffs claim, plaintiffs' lien having been established against the new building only (section 7219, R. S. 1919), we think the description of the property contained in the petition sufficient, at least in view of the fact that no attack was made upon the petition at the trial. [Cleary v. Siemers-Marshall Electric Co., 296 S. W. 448.]

It is claimed that although the original frame building was destroyed by fire the concrete foundation upon which the new frame building was erected was not injured and that under the case of Schulenburg v. Hayden, 146 Mo. 583, and like cases, the liens of the deeds of trust were superior to the lien of the materialman who furnished the lumber and material that went into the construction of the new superstructure. It is the general rule that the statute, section 7219, Revised Statutes 1919, which gives the lien of the materialman upon the building priority to prior encumbrances or mortgages, does not apply to "an improvement, alteration, repair or reconstruction of a building before made and standing when the mortgage was given nor to any addition to it." [May v. Mode et al., 142 Mo. App. 656, 671.] But, as stated in the case of Engineering Co. v. Baker, 134 Mo. App. 95, 98, 99—

"The test of precedence is whether the work and material were done and furnished in the completion of the building, or in making repairs on one already finished when the incumbrance was taken. In the former contingency the lien will have preference as to the building, over the incumbrance, because to do so will not impair the security on which the incumbrancer relied; whereas in the latter contingency, the incumbrance will have the preference, because, otherwise, the incumbrancer might be deprived in favor of lienors, of part of the security he counted on, by repairs made without his consent."

This doctrine, laid down in the case last cited, is recognized in the case of Schulenburg v. Hayden, supra. The Schulenburg case is to be distinguished from the case at bar. In that case the mortgage covered lots and a house thereon, the house being worth about $6000. The house was damaged by fire to the extent of $4000. The owner of the property repaired and enlarged the house so that the house was then worth $10,000. It was said by the court in that case, l. c. 594, 595—

". . . the mortgage covers the *land* and the *house,* and the house is *partially* destroyed by fire, and the contractor reconstructs it under a contract with the owner of the equity of redemption, section 6706, does not authorize the mechanic's lien to take priority over the mortgage or the sale of the reconstructed house and its removal. It may be that the reconstruction of the house would increase the security of the mortgagee, but he is not bound to rebuild the house—he may be content with his security of the land and the ruins of the house—which may be worth, as in this case, two-fifths of his mortgage. . . . nothing short of a sale of the whole and a division of the proceeds could possibly divide the interests of the mortgagee and of the lienor under the mechanic's lien law." (Italics ours.)

In the case at bar it appears that after the fire there was built an entirely new frame house upon the old concrete foundation. Although the incumbrances were upon the old house as well as upon the land, after the house burned the holders of the incumbrances had for their security only the land and the foundation. The agreed statement of facts recites that the "frame part of the building was *entirely* destroyed." Under such circumstances to give plaintiffs a prior lien over the incumbrances will not impair the security which the holders had before the new dwelling was constructed as the latter can be removed from the foundation and the premises left in the same situation as they were before it was erected. The judgment of the court merely declares a prior lien in favor of plaintiffs upon the new building erected upon the concrete foundation left after the old building was destroyed. Under the circumstances we think the judgment of the court was correct and it is accordingly affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.