Charles J. Tual, Defendant in Error, v. Nicholas Martin, Plaintiff in Error, and Olive K. Cox, Administratrix of the Estate of Walter W. Cox, Deceased, and Marvin E. Boisseau, Trustee, Defendants in Error.

Springfield Court of Appeals. November 13, 1933.

Motion for rehearing denied, January 10, 1934.

*Williams, Henson· & Stone* and *Bryan Wilson* for plaintiff in error.

*Edgar & Banta* for defendant in error, Charles J. Tual.

*Edgar & Banta* for defendant in error, Charles J. Tual.

SMITH, J.—Charles J. Tual instituted this action in the circuit court of Iron county against Nicholas Martin, and Olive K. Cox, administratrix of the estate of Walter W. Cox, deceased and Marvin E. Boisseau, trustee, to enforce a mechanic's and materialman's lien.

The petition alleged that the defendants, other than Nicholas Martin, were beneficiary and trustee, respectively, in a deed of trust which remained unsatisfied of record and which was executed on the 20th day of December, 1927, by Charles A. Wurst to Marvin E. Boisseau, trustee, of Olive K. Cox, administratrix of the estate of Walter W. Cox, deceased, to secure to the last named person the payment of three principal notes, "but plaintiff says he is informed and believes, and upon such information and belief he charges the fact to be that said deed of trust has been fully paid and discharged."

The defendant, Nicholas Martin, appeared in person and by counsel, and contested the action, but the other defendants defaulted.

The petition alleges a balance due for materials and labor furnished under contract and used in the construction of a two-story stone dwelling with slate roof, on the premises belonging to Nicholas Martin, and the lands were described as a tract containing three hundred acres, excepting railroad right of way and three acres out of the northwest corner. The description was a general description of a farm. The petition alleged the ownership of the farm by Martin, the existence of the unsatisfied deed of trust, the allegations of contract for the erection of the dwelling, between Tual and Martin, the due filing of the lien account showing the balance due, and prayer for judgment in the sum of $1,944.12, with interest, and a

prayer for first lien against the premises described, said premises being approximately three hundred acres.

The defendants were all residents of the city of St. Louis. The summons was directed to the sheriff of the city of St. Louis, and all the defendants were served in said city by the sheriff thereof.

The defendant, Nicholas Martin, filed a demurrer to the petition, appearing especially for that purpose, setting out as grounds for the demurrer that the court had no jurisdiction of the subject-matter of the action or of the person of said Martin, because it appeared from the petition and the lien account that the plaintiff was endeavoring to enforce a mechanic's lien upon approximately three hundred acres of ground contrary to the statutes, and that it appeared from the return of service that service was had upon all the defendants in the city of St. Louis upon a cause of action brought in Iron county.

The court overruled the demurrer, and the plaintiff claiming that he had no right of entry upon the premises for the purpose of making a survey to determine the metes and bounds of the one acre of ground upon which the stone dwelling stands, asked the court to appoint a commissioner to make such survey. The court appointed W. L. Scoggins, County Surveyor. The survey was made under order of the court, the report of survey was filed and offered in evidence with the lien account.

The answer of Nicholas Martin was a general denial.

The court, sitting as a jury, found that the plaintiff, Tual, was employed by the defendant, Martin, to build the dwelling house described in the pleadings and that the plaintiff was to purchase, furnish and pay for all labor and materials entering into the construction of said improvements and that he was to be repaid therefor by Martin and that said Tual was to be paid for his labor performed in connection with the construction thereof as part of the total cost of said improvement, and, in addition thereof, said Charles J. Tual was to be paid the sum of ten per cent of the total cost of all labor and materials entering into the construction; that the proper procedure relative to filing the lien and suit was followed; that all the items set forth in the lien were furnished to the said Martin by the said Tual and that the balance due the said Tual was the sum of $1,944.12.

The court then found that certain items in a sum not be exceed $1,500 were furnished for the construction and repair of other buildings, roadways, etc., than the two-story stone dwelling, which sum the court set at $1,500; that the said Martin had paid to the said Tual more than sufficient moneys to pay for the construction and repair of the other matters and things in the sum of $1,500; that the said Tual, in the absence of any direction by the said Martin as to the application of the payments, had applied the payments generally

on the account. The court then found that the dwelling house is located upon the one acre surveyed by the Commissioner and that the said Martin was indebted to the said Tual in the sum of $1,944.12. The court then applied sufficient of the payments made by the said Martin to that part of the account not involved in the erection of the dwelling house and decreed a lien on the dwelling house and the one acre of ground in the sum of $1,944.12 to secure the judgment in that amount also decreed by the court.

Motions for new trial and in arrest of judgment were filed on behalf of the plaintiff in error and overruled. There are several assignments of error set out before us in the record.

We are first confronted with the contention, raised in the trial by demurrer, that the court was without jurisdiction of this case because the defendants were all of them residents of the City of St. Louis, and were served by process within the City of St. Louis, by the sheriff of that city, to appear for trial within Iron County.

The defendant Martin contends in support of his demurrer, that by reason of the provision of Section 720, Revised Statutes of Missouri, 1929, the trial court was without jurisdiction in this case, because the suit was not brought within the county where the defendant resides, and that the defendant was not found and served with process within Iron county.

Without attempting to pass on this contention as a general proposition, we are confronted with a situation on this appeal where the defendant has waived any rights on demurrer, if any he had by reason of improper service of process, by answering over after his demurrer had been overruled. ''If the demurrant pleads over after his demurrer is overruled the case then stands as if no demurrer had been filed.'' [49 C. J., page 459, section 567; City of Weston v. Bank of Greene County (Mo. App.), 192 S. W. 126, 127; Merteno v. McMahon, 28 S. W. (2d) 456, 459, and cases there cited.] The above rule may be subject to some exceptions, but we think, and hold that when the defendant answers over, as in this case, he waives all questions as to service of process upon him.

The defendant contends that the plaintiff may have a lien upon only one acre of land. We think under the provision of Section 3156, Revised Statutes of Missouri, 1929, that there can be no question about that.

The defendant seriously contends that the plaintiff's suit must be dismissed and the lien fail because of the description of the land in the petition, wherein the tract of land described was not one acre of land, but was approximately three hundred acres. The defendant relies on three early cases to sustain his contention. These cases are, Williams v. Porter, 51 Mo. 441; Wright v. Beardslee, 69 Mo. 548, and Ranson v. Sheehan, 78 Mo. 668.

We have carefully read those cases, and find that the one cited

most often is the Williams v. Porter case, and that case is very much in point, but in the later holdings of our courts, in the Supreme Court as well as the Courts of Appeal the tendency has been to give the statute a more liberal construction, in order to effectuate the plain purpose of the statute. [Cornice & Roofing Co. v. Trust Co., 146 Mo. App. 36, 55, 123 S. W. 490.] This case holds that a description is not void because the property described embraced more than one acre.

It will be remembered in the case pending here that it is a case directly between the contractor and the owner. Since the other parties named as defendants did not appear, it will be considered they were not interested, and that their lien had been satisfied, and that third parties were not interested.

As we read section 3156, Revised Statutes 1929, we are unable to read it so that it would mean that the petition must accurately describe just one acre of ground and no more. This section says that "Every mechanic or other person who shall do or perform any work or labor upon, or furnish any material . . . for any building . . . upon land . . . by virtue of any contract with the owner . . . upon complying with the provisions of this article, shall have for his work . . . done, or materials . . . furnished, a lien upon such building, . . . and upon the land . . . to the extent of one acre.''

The petition in this case alleged the performance of labor and the furnishing of material under contract for a building accurately described in the petition upon the land of the owner and then described the land exactly as described in the deed of record under which deed the owner held title.

The statute says that the mechanic or materialman may have a lien upon the building for his work or material and upon the land to the extent of one acre. No where in the statute does it say that the description of the land in the petition should be limited to one acre. The particular part required under the statute is the description of the building so that the building can be located. It does not say that the particular acre should be located by metes and bounds, with special reference to its location upon a particular section of ground. We have here a farm described and upon that farm ''a two-story stone dwelling with slate roof,'' with the allegation that labor and material were furnished in the construction of that dwelling upon that land. When the question of the description of the land was being discussed before the demurrer was overruled, the plaintiff stated to the court that he was not permitted to go upon the land to survey an acre of the land, and the trial court then ordered the surveyor of that county to go upon the land and survey the one acre, and the report of the surveyor was made and filed as proof and upon that proof the court found that the lien should

be sustained and should attach to the particular acre as set out in the surveyor's report and upon which the dwelling was located.

We have reached the conclusion, and hold that in this case, where there are no parties interested except the plaintiff and defendant, that it was not reversible error for the court to overrule the demurrer because of the excess amount of land included within the description in the petition, and especially so when the correct description of the one acre was furnished in proof under direction of the court, as in this instance. It would be going too far, and would be too technical, and would not be giving the liberal construction to this statute that our courts have suggested, to hold that here, in a suit directly affecting only the two contracting parties, that the court erred in overruling the demurrer to the petition. We think we are sustained in this holding by many decisions of our courts, among them are the following: Rall Bros. v. McCrary, 45 Mo. App. 365, 372; Bradish v. James, 83 Mo. 313; Cornice & Roofing Co. v. Trust Co., 146 Mo. App. 36, 51; Oster v. Rabeneau, 46 Mo. 595; Kirkwood Mfg. & Supply Co. v. Sunkel, 148 Mo. App. 136, 128 S. W. 258; Jones Lumber Co. v. Snider, 300 S. W. 850; Leach et al. v. Bopp et al. (Mo. App.), 12 S. W. (2d) 512.

The defendant claims that Tual should not have had pay for his labor and for ten per cent of the total cost of material and labor. He admits that he was to have ten per cent of the total cost for his pay for supervising, but denies that he was to have any additional pay for the work he did himself.

The evidence on this question is conflicting, the defendant contending that under the contract with the plaintiff the ten per cent of the total cost was to be the entire amount of his pay. The plaintiff contended otherwise. When he was on the stand he testified as follows:

"Q. Did you do some work for Mr. Martin during the past three years or more? A. Yes sir.

"Q. Did you have a conversation with Mr. Martin or an agreement of any kind with respect to the work, prior to the time you started? A. Yes, sir.

"Q. Tell the court where that was, and what was said between you? A. Possibly in April or about the 5th of May, I was working out there——

"Q. (Interrupting) What year? A. 1928. We had been doing some work for Mr. Lambert and he came there and asked me to come up to his place, Mr. Martin's place. He said he wanted me to stake off a house for him. I went up there in about a half an hour and went around above the spring, in a hollow, and Mr. Martin was there, and I think Mrs. Martin, and Mr. Fendler. They had four corner posts stuck in the ground there and I said to Mr. Martin: 'You are certainly not going to build down in this hollow. It will

be too hot here in the summertime. Why don't you go up on the hill?' and he said he would go up there and look it over. He said to me: 'I want to build a house here, and how would you like to do the work?' I said, 'I would prefer a contract.' He said, 'How did you build Lambert's house?' and I told him Lambert paid me ten per cent on the cost of the house, and paid me for my time. He said, 'Would you work that way for me?' and I told him I would, and he said that was satisfactory to him. We walked up on the hill and stopped there and selected a location there on the high point of the hill, and that was all that was said regarding the way this work was to be done. In the whole three years, nothing more was said about it.''

He testified at length on direct and cross-examination about the number of hours he worked per week at actual labor upon the construction and for which he made charge in addition to the ten per cent charge for supervising. He charged $1.00 per hour for the time he actually worked himself at carpenter's work upon the place and testified as to the reasonableness of that price.

The total amount of the charge for material and labor furnished by the plaintiff, as claimed by him was $16,221.93, and to this he added a charge of ten per cent, or $1,622.19, making the total of $17,-844.12 charged, with a credit of $15,300 paid before suit was filed. After suit was filed and before trial $600 was paid in cash, and the court rendered judgment for $1944.12, with a lien upon the dwelling and one acre of ground as surveyed by the surveyor.

The court heard the evidence of both parties and found the contract provided for payment to Tual for his labor and for ten per cent of the total cost of materials and labor. The trial court saw and heard the parties and we think his judgment should stand, and that both items, his labor and the ten per cent charge are lienable. [Fagan v. Brock Motor Car Co. (Mo. App.), 282 S. W. 135; Leach et al. v. Emil Bopp et al., 223 Mo. App. 254, 12 S. W. (2d) 512.]

The testimony showed that the plaintiff did a great deal of work on the defendant's land in the construction of fences and other out buildings not situated upon the one acre of ground upon which the lien was granted. With reference to the application of payment on nonlienable items, that part of the court's decree pertaining thereto is as follows:

''That all the items set forth in the lien statement introduced in evidence by plaintiff and set forth in plaintiff's petition were actually furnished to defendant Nicholas Martin by said plaintiff under said verbal agreement, and after applying as credits all payments made by said Martin the balance justly due plaintiff is the sum of $1,-944.12; that certain of the items of labor and materials set forth in the lien statement and petition were used in the construction of the fences, stone pillars, spring house, swimming pool, roadways and

chicken house, and in the digging of ditches and the repair of the tenant house on said premises, but the court doth find that the total amount of labor and materials so furnished for all improvements on said premises other than the said two story stone dwelling did not exceed the sum of $1,500, and that the balance of said items of labor and materials were all furnished and used in the construction of said dwelling, the total amount of labor and materials so furnished for and used in the construction of said stone dwelling being in excess of $16,300; that the defendant Nicholas Martin paid to plaintiff from time to time the payments set forth in said lien statement and in the plaintiff's petition and evidence, in the total sum of $15,900, and that all of said payments were made by said defendant Nicholas Martin without direction as to their application and were therefore credited generally on said account, and that said payments were much more than sufficient to pay the total of all items of labor and materials and expenses for which the plaintiff would not be entitled to a lien on said two-story stone dwelling.''

The defendant complains that it was error for the entry of such a judgment on the application of payments.

We think the trial court properly applied the credit to that portion of the account which was not lienable and for which there was no security. [Price v. Merritt et al., 55 Mo. App. 640, 646, and cases therein cited; Fagan v. Brock Motor Car Co., 282 S. W. 135, 138.]

The judgment is affirmed. *Allen, P. J.*, and *Bailey, J.*, concur.